WOODS *v.* STATE OF INDIANA.

[No. 30,976. Filed April 3, 1968.]

*Arthur S. Wilson,* of Princeton, for appellant.

*John J. Dillon,* Attorney General, and *Dennis J. Dewey,* Deputy Attorney General, for appellee.

HUNTER, J.—This was a criminal prosecution brought by indictment against appellant, Herman Woods, charging him in two counts with rape of and incest with his fifteen-year-old daughter, Sandra Woods.

The indictment filed in this case in the Gibson Circuit Court, on the 8th day of October, 1965, omitting caption and formal parts, reads as follows:

### COUNT ONE

"The Grand Jury of Gibson County, State of Indiana, on their oaths present and charge that Herman Woods, on or about the 1st day of May, 1965, in said county and state, did then and there unlawfully and feloniously make an assault in and upon one Sandra Woods, then and there being a female child under the age of sixteen (16) years, to-wit: of the age of fifteen years, and did then and there unlawfully and feloniously ravish and carnally know her, the said Sandra Woods, contrary to the form of the statute in such cases made and provided and against the peace and dignity of the State of Indiana."

### COUNT TWO

"The Grand Jury of Gibson County, State of Indiana, on their oaths present and charge that Herman Woods on or about the 1st day of May, 1965, in said county and state, did then and there unlawfully, feloniously, incestuously and knowingly have sexual intercourse with one Sandra Woods, a daughter of the said Herman Woods. He the said Herman Woods then and there well knowing the said Sandra Woods to be his daughter, contrary to the form of the statute in such cases made and provided against the peace and dignity of the State of Indiana."

Following trial, the jury returned verdicts of guilty on both counts. Judgment was entered on the verdicts and appellant was sentenced on each count to be imprisoned in the Indiana State Prison for two (2) to twenty-one (21) years, the sentences on the two counts to run concurrently. Appellant's motion for new trial was overruled and he brings this appeal on the basis of four main contentions, all of which are redundantly set out in such motion:

1. That the trial court erred in refusing to sustain appellant's plea in abatement which challenged the propriety of the selection of the grand jury from which the indictment against appellant emanated.
2. That the trial court erred in refusing to sustain appellant's motion to quash the indictment.
3. That the trial court erred in allowing certain testimony by the prosecuting witness to be admitted into evidence, which substantially prejudiced appellant's right to a fair trial.
4. That the evidence was insufficient to support the jury's verdict.

Appellant's contention that the grand jury which returned the indictment in this case was improperly selected and impaneled is based upon an erroneous interpretation of the law.

The relevant statutes are as follows:

"4-3304 (1820). Selection of grand and petit jurors—. . . Said commissioners shall immediately, from the names of legal voters and citizens of the United States on the latest tax duplicate and the tax schedules of the county, examine for the purpose of determining the sex, age and identity of prospective jurors, and proceed to select and deposit, in a box furnished by the clerk for that purpose, the names, written on separate slips of paper of uniform shape, size and color, of twice as many persons as will be required by law for grand and petit jurors in the courts of the county, for all the terms of such courts, to commence with the calendar year next ensuing. Each selection shall be made as nearly as possible in proportion to the population of each county commissioner's district. In making such selections, they shall in all things observe their oath, and they shall not select the name of any person who is not a voter of the

county, or who is not either a freeholder or householder, or who is to them known to be interested in or has cause pending which may be tried by a jury to be drawn from the names so selected. They shall deliver the box, locked, to the clerk of the circuit court, after having deposited therein the names as herein directed. The key shall be retained by one (1) of the commissioners, not an adherent of the same political party as is the clerk." Ind. Anno. Stat. § 4-3304 (Supp. 1967)

"4-3320. Jury panels—Selection—Records—Clerk—Duty. —At 10 o'clock A. M. on the Monday immediately preceding the commencement of any term of any circuit court, criminal court, superior court, probate court, or other court of record in which jury trials are had, or on Tuesday if Monday is a holiday, or at the earliest time following said hour which may be practicable for such drawing for the term to be determined by the judge of such court, by written order duly entered and publicly posted in the clerk's office at least two (2) hours prior to the time so determined, and at any other time which the judge of such court may set for the drawing of either grand jurors or petit jurors, or both, by order duly entered and publicly posted in the clerk's office at least two (2) days prior to such time, *the clerk, having first well shaken the box,* shall open the same in his office, and in the presence of the jury commissioners *he shall publicly draw therefrom such number of names of competent persons as the judge of such court shall have ordered to be summoned as prospective jurors for such court.* At such original drawing for the term, *the names of competent persons first drawn for each court having criminal jurisdiction, in the number specified by the court in such order as prospective grand jurors, shall be summoned as grand jurors for such court for the ensuing term.* The clerk and the jury commissioners shall also, at the time or times above specified, and in the same manner, draw for each of such circuit courts, criminal courts, superior courts, probate courts, and other courts above described, respectively, the number of names of persons to serve as petit jurors for such courts, respectively, as the judges of such courts shall have specified in such written orders. *The jurors, and each of them, shall serve for the term or for a part of the term or as the judges of such courts, respectively, shall order, by written order duly entered sufficiently long before trial or grand jury sessions to permit counsel to know and to investigate the panel of jurors for such term or part of the terms:* Provided, *That the order of names as listed in the*

*panel and as called for service shall be the same order as that in which the names are drawn from the box, as herein provided.* The clerk shall at the time of drawing such prospective jurors, enter a list of names so drawn, upon the order book of the court, in the same order in which the names are drawn from the box, and he shall attach his certificate of the fact. The clerk shall issue venires for such jurors as such courts, or the judges thereof in vacation, may direct. The sheriff or bailiff shall then call the jurors to the jury box in the same order as that in which their names are drawn from the box and certified thereto." Ind. Anno. Stat. § 4-3320 (Supp. 1967) (our emphasis)

Appellant contends, apparently, that the grand jury members were not selected "as nearly as possible" in proportion to the population of each commissioner's district, and upon that premise bases his conclusion that the statute was not complied with and his rights have been prejudiced.

In support of this specification, appellant states that the Gibson County population, as of 1960, was 29,949, and then proceeds to break down the total between the various commissioner's districts as follows:

| First District | 4,914 |
| Second District | 11,951 |
| Third District | 13,084 |

Appellant then contends that the members of the grand jury from which the indictment of appellant emanated were not selected according to proper apportionment principles, in that some grand jurors represented larger population masses than others. This distribution, he says, is not in compliance with § 4-3304, *supra,* requiring jurors to be selected "as nearly as possible in proportion to the population in each county commissioner's district."

Appellant's view of what the statute requires is erroneous. It is not the drawing of prospective jurors immediately preceding a term of court which § 4-3304, *supra,* requires to be in proportion to population distribution, but the original yearly selection of a pool of names from which

prospective jurors will be drawn for the various terms of court during the calendar year.

It should be noted that Ind. Anno. Stat. § 4-3320, *supra*, under which prospective jurors for a particular term of court are selected, contains no requirement that such selection be made in proportion to population distribution. So long as the apportionment requirements are followed in selecting the entire yearly pool of prospective jurors, as required by § 4-3304, *supra*, no apportionment violation of § 4-3320, *supra*, will arise, even if all the jurors on a particular panel reside in the same district. See *Harrison* v. *State* (1952), 231 Ind. 147, 165, 106 N. E. 2d 912.

The record in this case shows that the jury commissioners selected a total of 1090 names from which juries were to be selected for the various terms of court in the calendar year 1966. So far as can be determined from the record, those names were selected as much as possible in accordance with the population distribution of the various districts, and the trial court so found.

Not only does the record reveal substantial compliance with the statutory provisions above-quoted, but also a complete absence of irregularities of the nature relied upon by appellant. Since there was substantial compliance with the statutory requirements of jury selection, appellant cannot show prejudicial error in the refusal of the trial court to sustain his plea in abatement. *Rudd* v. *State* (1952), 231 Ind. 105, 107 N. E. 2d 168; *Harrison* v. *State, supra; Anderson* v. *State* (1941), 218 Ind. 299, 32 N. E. 2d 705.

Appellant cites *Rudd* v. *State, supra*, in support of his position, but that case is of no assistance to him since we find that there was substantial compliance with §§ 4-3304 and 4-3320, *supra*.

Appellant contends that the court below erred in overruling his motion to quash the indictment as set forth above. As to Count I he contends that both assault and battery and the

offense of rape are charged in the same count and that, therefore, that count is duplicitous and should have been quashed.

It has long been settled law in Indiana that where two or more distinct offenses are charged in the same count of an indictment or affidavit, such duplicity is fatal upon the making of a motion to quash. *Joslyn* v. *State* (1890), 128 Ind. 160, 27 N. E. 492. However, it was recognized in *Dickinson* v. *State* (1880), 70 Ind. 247, that where, in technical terms, a defendant is charged with two crimes in the same count and one of the crimes charged is an included offense in the other crime charged, there is not such duplicity as requires the granting of a motion to quash.

Every charge of carnal knowledge of a female child who has not reached the age of consent, of necessity, includes within it a charge of the lesser offenses of assault and battery. *Caudill* v. *State* (1946), 224 Ind. 531, 69 N. E. 2d 549; see also *Ritchie* v. *State* (1877), 58 Ind. 335. It is impossible to charge a defendant with the crime of rape of a female child under the age of sixteen (16) years without also, expressly or impliedly, charging him with the lesser offenses of assault and assault and battery. Therefore, appellant's motion to quash Count I of the indictment was not well-founded and was properly overruled.

Appellant next contends that the trial court committed error in overruling Count II of the indictment. He contends that Count II is defective in that it fails to charge that Sandra Woods, the prosecutrix, had knowledge of the fact that the person with whom she was having sexual intercourse, the appellant, was her father.

The statute under which the charge of incest is made, in pertinent part, reads as follows:

"§ 10-4206. Incest . . . if any parent shall have sexual intercourse with his or her child, knowing him or her to be such, . . . he or she shall be guilty of incest and, on conviction,

shall be imprisoned in the state prison not less than two (2) nor more than twenty-one (21) years, or may be imprisoned in the county jail not less than six (6) months nor more than one (1) year." Ind. Anno. Stat. § 10-4206 (Repl. 1956).

As the statute itself reveals, therefore, it was not necessary that Count II contain an allegation that Sandra Woods, knew appellant to be her father. It was only necessary to allege that appellant, the parent, have knowledge of the relationship that existed between himself and Sandra Woods, with whom he was accused of having incestual sexual intercourse. See *Williams* v. *State* (1851), 2 Ind. 439.

Therefore, appellant's motion to quash Count II of the indictment was properly overruled.

Appellant's third allegation of error is that the trial court erred in admitting into evidence testimony of the prosecuting witness to the effect that she and appellant had engaged in acts of sexual intercourse several times prior to the act charged in the indictment. Appellant contends that he was gravely prejudiced by the introduction of such testimony, and the failure of the trial court to grant him a continuance when such testimony was sought, for the reason that appellant was relying on his ability to establish an alibi defense to the specific act charged. He argues that such defense was effectively nullified by the introduction of prior criminal acts, even though the alibi itself was, he contends, established.

The relevant alibi statutes provide:

"§ 9-1631. Alibi—Notice to prosecuting attorney when evidence to be offered—Exception.—Whenever a defendant in a criminal case in a court other than that of a justice of the peace shall propose to offer in his defense evidence of alibi, the defendant shall, not less than ten (10) days before the trial of such cause, file and serve upon the prosecuting attorney in such cause a notice in writing of his intention to offer such defense. The notice shall include specific information in regard to the exact place at which the defendant claims to have been at the time stated in the indictment

or affidavit as the time of such offense. The provisions of this statute shall not apply in case the court sets the trial for a date less than fourteen (14) days ahead." Ind. Anno. Stat. § 9-1631 (Repl. 1956).

"§ 9-1632. Alibi—Notice by prosecuting attorney—Second notice by defendant.—In the defendant's notice, as provided in the next preceding section, the defendant may also expressly require the prosecuting attorney to file and to serve upon the defendant or upon his counsel a specific statement in regard to the exact date which the prosecution proposes to present at the trial as the date when, and the exact place which the prosecution proposes to present at the trial as the place where, the defendant was alleged to have committed or to have participated in the offense. If the defendant's notice requires such statement by the prosecuting attorney, or if the prosecuting attorney proposes to present at the trial as the specific date when the defendant committed or participated in the offense a date other than the date stated in the defendant's notice, the prosecuting attorney shall file and serve such statement upon the defendant or upon his counsel not later than eight (8) days before the trial. If the prosecuting attorney's statement to the defendant names a specific date other than the date which is stated in the indictment or affidavit and in the defendant's notice, the defendant shall not later than four (4) days after the filing of the prosecuting attorney's statement file and serve upon the prosecuting attorney defendant's second notice presenting for such changed date the same details required for the original notice." Ind. Anno. Stat. § 9-1632. (Repl. 1956).

Both sides closely complied with Indiana's "alibi statutes" in this case. Ind. Anno. Stat. § 9-1631, *supra*. After notice of appellant's intention to offer an alibi defense was filed, the State produced a statement that the alleged offense in this case occurred on the first day of May, 1965, between the hours of 1:00 P.M. and 4:00 P.M., off a gravel road approximately 6 miles northwest of the City of Princeton, in Gibson County, Indiana. At trial, appellant introduced evidence tending to show that he was busy working all day on May 1, 1965, always in the presence of other persons, and that the vehicle in which the prosecuting witness testified the act was done never was driven by anyone on that day.

There are two seemingly conflicting bodies of case law that bear upon the problem presented by appellant's contention.

It has been recognized at least twice by this Court that where time is not of the essence of the offense, even though the allegation specifies the crime to have occurred on a ██ specific date, the State may prove that the crime occurred at any time prior to the filing of the affidavit or indictment and within the statutory period of limitations. However, these same cases recognize that this general rule yields to a requirement of specific proof where the "alibi statutes", *supra*, are invoked. *Stallings* v. *State* (1953), 232 Ind. 646, 114 N. E. 2d 771; *Evans* v. *State* (1946), 224 Ind. 428, 68 N. E. 2d 546. Where there is a substantial variation between the time of the crime charged in the indictment or affidavit, and the time of the crime as shown by the State's evidence, and defendant is relying upon an alibi, it appears that upon timely motion by defendant a continuance should be granted. *Stallings* v. *State, supra;* Note, *Criminal Law: Statutory Regulation of Alibi Defense Through Notice Requirements,* 30 Ind. L. J. 106 (1954-55).

The other relevant body of law involves the admissibility at trial of evidence of prior criminal acts.

The general rule in Indiana is that evidence of separate, independent and distinct crimes is inadmissible to establish the defendant's guilt of the crime charged except to show ██ intent, motive, purpose, identification, or a common scheme or plan. *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629, opinion filed March 1, 1968, cause number 30910; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570.

In *Meeks* v. *State, supra,* it was also recognized that evidence of prior crimes is inadmissible in rape cases ██ where the act charged has been proved or admitted and the only issue concerns the consent of the prosecutrix.

In *Lovely* v. *United States,* 169 F. 2d 386 (4th Cir. 1948), which was cited and quoted with approval in *Meeks* v. *State,*

*supra,* it was noted that while evidence of similar offenses closely related in time and place may be relevant on such matters as identity, guilty knowledge, motive or intent, where these are in issue, or may tend to establish a criminal plan or design out of which the crime charged has originated, it is well settled, that such evidence is *not* admissible where it has no other relevance or probative force other than to show a tendency or likelihood on the part of the accused to commit the crime *except in prosecutions for crime involving a depraved sexual instinct* or for the purpose of proving intent in cases of assault with intent to commit rape.

In this case, there is obviously no issue as to identity, guilty knowledge, motive or intent or common scheme. But the testimony of the prosecuting witness in the case at bar that her father had engaged in sexual intercourse with her on several occasions previous to that charged in the indictment falls squarely within the exception to the general rule as to the admissibility of prior criminal acts in cases involving a "depraved sexual instinct."

This view is in accordance with long-standing Indiana case law to the effect that evidence of prior similar acts is admissible in prosecutions for incest. *Lefforge* v. *State* (1891), 129 Ind. 551; *State* v. *Markins* (1884), 95 Ind. 464.

Neither was such evidence required to be excluded, nor was the court under a duty to grant a continuance because of appellant's reliance upon an alibi defense since the only purpose for which the testimony as to the prior similar acts could have been considered by the jury was to determine whether such evidence increased the probability of appellant's guilt by connecting him with other crimes of the character charged. *Lovely* v. *United States, supra.*

The jury was instructed as follows by the trial court:
"The Court instructs the Jury that it is the law of this State that a defendant may never be proven guilty of one offense by proving the commission of other crimes. Evi-

dence has been introduced in the trial of this cause as to certain other similar offenses which the State claims to have been committed by the defendant Herman Woods, with the prosecuting witness, Sandra Woods, and other female persons.

"You are instructed that you are to bear in mind, gentlemen of the jury, that the offenses charged in the indictment herein are the sole and only crimes with which the defendant is charged in this case, and in arriving at a verdict in this case you are in no wise to determine or consider the guilt or innocence of the defendant with reference to any evidence of other similar offenses that have been offered in evidence in this cause by the State of Indiana.

"The Court instructs you, gentlemen of the Jury, that you are only permitted to consider the evidence with reference to any other similar offenses, if shown by the evidence, in the event you first find as a fact beyond every reasonable doubt from the other evidence given in the trial of this cause that the said Herman Woods did at the place, date and time as set forth in these instructions commit the offenses as charged in either or both counts of the indictment herein, then and only then are you permitted to consider the evidence with reference to other similar offenses if any, offered in evidence; and in the consideration of them you are instructed that the evidence of such other offenses, as shown by the evidence, is to be weighed by you only for the purpose of determining the guilty knowledge, intent, motive or purpose of the defendant in the commission of the offense or offenses as charged in the two counts of indictment in this cause, if you find he did commit the offenses as charged in either or both counts of the indictment beyond every reasonable doubt."

This instruction, in view of the actual state of the law in Indiana, was far more favorable to appellant than it was required to be. Therefore, appellant's claim of prejudicial error in regard to the evidence of prior criminal acts is not well founded.

Furthermore, it should be noted that there would be dire side effects were we to accept appellant's contention that evidence of prior criminal acts nullifies the effect of any alibi defense put forth by appellant, even though such evidence would be admissible in the absence of an alibi

defense. If appellant's position were adopted and a defendant has ever in the past committed another criminal act similar to the one with which he is charged, the most prudent course for him to take would be to invoke the alibi defense statutes, automatically, without regard to whether or not his alibi is valid, in order to exclude any possible evidence of such prior acts. Indiana's alibi statutes cannot have been intended to have such an effect, and we will not engraft such an effect upon them.

Appellant's final contention is that the evidence produced by the State is insufficient to support the verdict of the jury. In this regard, appellant emphasizes that several witnesses testified in support of his alibi defense, and that there was no direct corroboration of the testimony of Sandra Woods.

On appeal from a conviction in a criminal case, the presumptions are in favor of the trial court and this Court, in determining the sufficiency of the evidence, will only consider the evidence most favorable to the State and all reasonable and logical inferences that may be adduced therefrom. *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 549.

The rule has been well-settled in Indiana that a conviction for rape may be sustained upon the uncorroborated testimony of a prosecuting witness, if such was sufficient to convince the trier of facts beyond a reasonable doubt of defendant's guilt. *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649 and cases cited therein. This rule is also applicable to cases where incest is charged.

The evidence, viewed most favorably to the State, reveals the following:

Sandra Woods, the prosecuting witness, testified that on the day in question her father, appellant, picked her up in the business district of Princeton, Indiana. She said they then drove outside the city and turned onto a country road. After driving down that road for about 2 miles, her father stopped

the car, and according to her testimony, she and her father there had sexual intercourse. She testified that appellant's penis was inside her during that time.

Sandra testified that such episodes of sexual intercourse with her father had occurred several times prior to May 1, 1965. On one such occasion, her sister, Mary Kay had been in the car at the time. Mary Kay corroborated this testimony. Several of Sandra's sisters and step-sisters testified that they also had had sexual intercourse with appellant living in his house.

Without delving into further detail, we hold that the record, when viewed most favorably to the State, as outlined above, discloses sufficient substantial evidence of probative value and reasonable inferences to be drawn therefrom to justify the finding and judgment of the trial court. *Reno* v. *State* (1967), 248 Ind. 334, 228 N. E. 2d 14.

Even though several witnesses gave testimony tending to establish appellant's alibi defense, that factor is of no aid to appellant in this Court under the circumstances, since the credibility and weight to be given the testimony is within the province of the trier of the facts. *Reno* v. *State, supra.*

For all of the foregoing reasons, no prejudicial error has been presented by appellant and the judgment of the trial court is, therefore, affirmed.

Judgment affirmed.

Lewis, C. J., Arterburn, Jackson and Mote, JJ. concur.

NOTE.—Reported in 235 N. E. 2d 479.