KERLIN v. STATE OF INDIANA.

[No. 768S117. Filed December 22, 1970. No petition for rehearing filed.]

*Austin C. Gildea,* of Elkhart, *Wilmer L. McLaughlin,* of Goshen, for appellant.

*Theodore L. Sendak,* Attorney General, *Murray West,* Deputy Attorney General, for appellee.

GIVAN, J.—Appellant was charged by affidavit with the crime of sodomy. Trial was had by jury resulting in a verdict of guilty and fixing punishment at a fine of $100 and imprison-

ment in the Indiana State Prison for a period of not less than two nor more than fourteen years.

The record in the case is as follows:

On June 22, 1966, at approximately 7:30 P.M. a fifteen year old boy met the appellant at the home of a neighbor where appellant was delivering some furniture. The appellant offered the boy a job helping him transplant some trees in Michigan. After first obtaining approval of his parents, the boy accepted the employment and received permission from his father to go with the appellant to appellant's residence in Elkhart County, Indiana. The appellant and the boy arrived at appellant's home at approximately 11:30 the same evening. They went to bed together at about 12:30 A.M. on June 23, 1966. The boy testified that after they were in bed the appellant accomplished oral copulation on the person of the boy. He further testified that when he awoke the next morning at approximately 10:00 A.M. the appellant was again practicing oral copulation of his (the boy's) person.

The boy stayed at appellant's home for two or three days then returned to the home of his parents. He was later taken to the Elkhart Police Station where he was questioned concerning his relationship with the appellant.

Two male witnesses called on behalf of the State testified over objection that they had had sexual relations with the appellant under circumstances similar to those described by the prosecuting witness.

The appellant first claims the court erred in refusing the defendant's motion to require the accuser to be in attendance at the trial. This contention is made by the appellant by reason of the fact that the charging affidavit was signed by the father of the boy upon whom the acts of sodomy were alleged to have been committed.

It is appellant's contention that his rights as defined under Article 1, Section 13 of the Constitution of Indiana were violated by the failure of the court to order the State to pro-

duce the father, thus denying the appellant the right "to meet the witnesses face to face."

Article 1, Section 13 of the Indiana Constitution reads as follows:

"In all criminal prosecutions, the accused shall have the right to a public trial, by an impartial jury, in the county in which the offense shall have been committed; to be heard by himself and counsel; to demand the nature and cause of the accusation against him, and to have a copy thereof; to meet the witnesses face to face, and to have compulsory process for obtaining witnesses in his favor."

There is no question but what any person charged with a crime has the rights guaranteed by the above section of our constitution. This Court was recently called upon to interpret this section of the constitution in a factual situation similar to the case at bar. In that case this Court held:

"However, we know of no court decision holding it is the duty of the prosecuting attorney, engaged in the prosecution of a person charged with crime, to produce at the trial all the witnesses present at the commission of the crime. The State in fact cannot be compelled to call witnesses at the instance of the accused, but if the accused desires, in the conduct of his defense, the testimony of witnesses who are not called, he has the burden of seeing that they are called."

*Denton* v. *State* (1965), 246 Ind. 155, 160, 203 N. E. 2d 539, 4 Ind. Dec. 420.

In the record before us there is no indication that the appellant attempted to subpoena the father. It certainly was not incumbent upon the judge to order the prosecuting attorney to produce the father in court. It is quite proper and natural that the father of a fifteen year old boy be the person to make an affidavit charging such a crime. Where, as here, the alleged victim was a competent witness to testify against the appellant and where he was in fact in court and did testify both on direct examination and on cross-

examination concerning the facts alleged in the affidavit, we fail to see where the appellant was harmed by the absence of the boy's father, who had made the charging affidavit. In fact, the appellant does not allege any specific harm resulted from the absence of the father other than his claim that he should have had the right to face the accusing witnesses. He had this right fully guaranteed him by our constitution as above quoted and the statutes which implement the constitution. Burns Ind. Stat., 1956 Repl., § 9-1601 reads as follows:

"Witnesses on behalf of the state or of the defendant, in a criminal prosecution, may be compelled to attend and testify in open court, if they have been subpoenaed, without their fees being first paid or tendered. The courts of this state shall enforce obedience to the process for witnesses subpoenaed to testify in criminal cases in the courts of other states wherever such other states shall have provided for the enforcement of similar process of courts of this state against persons within the borders of such other state, provided that proper financial provision is made by such other state for the expense of such witness in attending such courts. The court may recognize witnesses, with or without surety, to attend and testify at the same or the next term. [Acts 1905, ch. 169, § 233, p. 584; 1927, ch. 132, § 13, p. 411.]"

There is nothing in this record to indicate appellant attempted to make use of the foregoing statute.

Appellant also alleges that he was denied his constitutional rights in that testimony by the boy indicated that his father did not know anything about the crime charged in the affidavit and therefore the father had no knowledge of facts except hearsay upon which to base the information alleged in the affidavit. An examination of the record, however, discloses that it is wholly devoid of any challenge to the affidavit at the trial level. In the absence of any record before us we cannot assume the appellant's conclusion be true. We have repeatedly held that the appellant cannot on appeal assert a theory which was not asserted in the trial court. *Martin v. State* (1963), 245 Ind. 224, 194 N. E. 2d 721,

2 Ind. Dec. 463; *Langley* v. *State* (1968), 250 Ind. 29, 232 N. E. 2d 611, 12 Ind. Dec. 419.

Appellant next contends the court erred in permitting two adult male witnesses to testify to facts which amounted to the commission of acts of sodomy between them and the ▉ appellant some eight years prior to the trial of this case. The admissibility of evidence of similar offenses committed by the accused has been the source of discussion in many cases. We have repeatedly held that general evidence of prior offenses by the accused is inadmissible if it is irrelevant or produced merely to show the defendant's general character is bad or that he has a tendency to commit certain types of crimes. *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629, 13 Ind. Dec. 268. There are recognized exceptions, however, to this general proposition of law. The decision in the *Meeks* case was in keeping with the general proposition of law as set out in the case of *Lovely* v. *U. S.* (1948, Cir. Ct. of Appeals, 4th Cir.), 169 F. 2d 386, which is quoted therein. However, the *Lovely* case specifically points out that evidence of former similar offenses is admissible in sex crimes involving a "depraved sexual instinct" whereas it is not *per se* admissible in a rape case, and in so holding stated:

" '. . . The reason for the difference in the rule applicable is obvious. Other attempts to ravish have a tendency to show that an assault under investigation was made with like intent. Acts showing a perverted sexual instinct are circumstances which with other circumstances may have a tendency to connect an accused with a crime of that character. The fact that one woman was raped, however, has no tendency to prove that another woman did not consent.' "

This Court reaffirmed this proposition of law in *Woods* v. *State* (1968), 250 Ind. 132, 235 N. E. 2d 479, 13 Ind. Dec. 610.

The case of *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98, 2 Ind. Dec. 518, which was criticized in the *Meeks* case, was totally in keeping with the law set out in *Lovely*. In *Lamar* the crime charged was sodomy and the Court prop-

erly held that evidence of similar crimes was admissible. We, therefore, do not agree with the dicta in the *Meeks* case disapproving of *Lamar*, for as pointed out in *Lovely*, we are dealing with two entirely different concepts of admissibility of evidence in a sodomy case and in a rape case.

We, therefore, hold that it was entirely proper for the trial court to admit evidence of prior acts of sodomy committed by the appellant. The trial court is, therefore, affirmed.

Hunter, C.J., and Arterburn, J., concur; DeBruler, J., dissents with opinion in which Jackson, J., concurs.

### DISSENTING OPINION

DEBRULER, J.—I dissent from the majority opinion and would reverse the judgment of the trial court with instructions to grant appellant's Motion for New Trial.

Appellant alleges that the trial court erred in admitting, over appellant's timely objection, the testimony of two witnesses, Paul Swartzendruber and Kenneth Sheeley, regarding prior acts of sodomy committed with the appellant.

The testimony of Swartzendruber was to the effect that the appellant had performed an anal copulation upon him approximately twenty-five times, the last time being some seven and one-half years prior to the time of the alleged crime for which the appellant was being tried. Sheeley testified that appellant had committed an oral copulation upon him in 1959, which would be at least six and one-half years prior to the alleged act in the case at hand.

It is true that in general evidence of prior offenses by a defendant is inadmissible if it is irrelevant or its sole relevance is to show that the defendant's general character is bad and that he, therefore, has a tendency to commit crimes. *Burns* v. *State* (1970), 255 Ind. 1, 260 N. E. 2d 559; *Meeks* v. *State* (1968), 249 Ind. 659, 234 N. E. 2d 629; *Watts* v. *State* (1950), 229 Ind. 80, 95 N. E. 2d 570; McCormack, EVIDENCE, § 157; 2 Wigmore, EVIDENCE, § 305 (3d ed. 1940). However, if the

evidence of prior offenses is relevant to some issue in the case, *e.g.*, intent, motive, knowledge, plan, identity, etc., then it is admissible. *Burns* v. *State, supra; Meeks* v. *State, supra; Watts* v. *State, supra;* McCormack, *supra;* Wigmore, *supra.*

In *Lamar* v. *State* (1964), 245 Ind. 104, 195 N. E. 2d 98, we held that:

> "As an exception to the general rule it is always permissible for the state, in prosecutions involving abnormal sexual intercourse, to introduce evidence as to other improper acts of sexual intimacy committed by the defendant." 245 Ind. at 109.

This unjustified departure from the rule of relevance was apparently the law until in *Meeks,* we retreated from that dangerous and untenable position. In that case, we rejected the *per se* exception for sexual crime prosecutions as espoused in *Lamar* saying:

> "An individual on trial for a sexual offense should be afforded the same evidentiary safeguards against irrelevant prejudicial testimony as an individual on trial for another felony." 249 Ind. at 664.

In *Meeks* this Court properly applied the test of relevance as set out above. The appellant there was charged with rape and the sole issue was whether the prosecutrix consented to the act of intercourse. Evidence was admitted showing the defendant committed a rape on another woman thirty-five days prior to this act charged in the indictment. The Court held that the fact that one woman was raped has no tendency to prove another woman did not consent, saying:

> "Such evidence must be relevant to some point in issue, and in the case at bar, with consent being the only element at issue, the other alleged rape was irrelevant." 249 Ind. at 664.

In the case at hand, since the appellant did not take the stand, the issues were formed by the charge in the affidavit and the appellant's plea of not guilty. The appellant was charged with

committing an act of oral copulation upon a fifteen year old boy in June, 1966. Evidence was admitted over objection as to a similar oral copulation performed by appellant upon a thirty-five year old man in 1959, and approximately twenty-five anal copulations performed on another thirty-five year old man sometime prior to or during 1959.

There was no connection between the offenses and the offense being tried. This testimony was not offered as bearing on an issue such as motive, intent, identity; nor could it evince any common scheme or plan, etc. This evidence was offered for the purpose of showing the appellant's character was bad and that he had a tendency to commit acts of sodomy. As such it was inadmissible. Evidence of other offenses cannot be admitted merely in an attempt to show some predisposition of the accused to commit criminal acts or to establish some likelihood that he might do so.

Even where offered to prove some issue such as intent, motive, knowledge, identity or a common scheme or plan, evidence of prior offenses might be properly excluded by the trial court if it deems the evidence as being too remote to be of probative value. But in the case at hand this testimony was not offered to prove any issue before the court and was, therefore, inadmissible regardless of the remoteness or closeness in time of the prior offenses.

I would reverse the judgment with instructions to grant appellant's Motion for New Trial.

Jackson, J. concurs.

NOTE.—Reported in 265 N. E. 2d 22.