PAUL FORTNER *v.* STATE OF INDIANA.

[No. 1-573A82. Filed October 1, 1973.]

_____

*Samuel E. Beecher, Jr., Beecher & Kite,* of Terre Haute, for appellant.

*Theodore L. Sendak,* Attorney General, *Robert F. Colker,* Assistant Attorney General, for appellee.

ROBERTSON, P.J.—The defendant-appellant (Fortner) was convicted by a jury of the felony of incest. The alleged errors argued by Fortner are (1) the verdict is not sustained by sufficient evidence; (2) the verdict is contrary to law, and (3) the failure to suspend Fortner's sentence is an error of law.[1]

Prior to a discussion of the sufficiency of the evidence, it should be noted that this court will not weigh the evidence but will look to the evidence most favorable to the State and the reasonable inferences therefrom which support the verdict. *Washington* v. *State* (1971), 257 Ind. 40, 271 N.E.2d 888.

The sufficiency of the evidence is challenged by an assertion that the corpus delicti was not proven. The applicable part of the statute defining incest and setting the penalty reads:

---

1. We will not pursue other allegations of error for a failure to include them in the argument portion of the appellant's brief. AP. 8.3(A)(7), *Ruggirello* v. *State* (1969), 252 Ind. 144, 246 N.E.2d 481; *McCulley* v. *State* (1971), 257 Ind. 135, 272 N.E.2d 613.

"If any stepfather shall have sexual intercourse with his stepdaughter, knowing her to be such, . . . he . . . shall be guilty of incest and, on conviction, shall be imprisoned in the state prison not less than two (2) nor more than twenty-one (21) years, or may be imprisoned in the county jail not less than six (6) months nor more than one (1) year." IC 35-1-82-1, Ind. Ann. Stat. § 10-4206 (Burns 1956)

The basis of such assertion seems to be founded upon the fact that the prosecutrix, Fortner's stepdaughter, was the only witness to testify that her stepfather had sexual intercourse with her.

A conviction for incest may be sustained upon the uncorroborated testimony of a prosecuting witness. *Woods* v. *State* (1968), 250 Ind. 132, 235 N.E.2d 479. *Bryant* v. *State* (1971), 256 Ind. 587, 271 N.E.2d 127. We are of the opinion that there was evidence from which the jury could find beyond a reasonable doubt that Fortner, knowing the prosecuting witness to be his stepdaughter, had sexual intercourse, which included penetration, with her. The verdict was neither contrary to the evidence nor the law.

Fortner next argues that the trial court abused its discretion in not suspending his sentence. A suspended sentence is statutorily authorized by IC 35-7-1-1, Ind. Ann. Stat. § 9-2209 (Burns 1972 Supp.), the pertinent parts of which read:

"The several circuit and criminal courts . . . shall have power, in any case where any person shall have been convicted of a felony or misdemeanor . . . upon the entry of judgment of conviction of such person, to suspend such sentence . . . by an order of such court . . . except the crimes of murder, arson, first degree burglary, rape, treason, kidnapping, and a second conviction for robbery, whenever such court, *in the exercise of its judgment and discretion,* shall find and determine that such person has committed the offense for which he or she has been convicted under such circumstances as that, in the judgment of such court, such person should not suffer the penalty imposed by the law for such offense if he or she shall thereafter behave well, or whenever such court shall find and determine that by reason of the character of such person,

or the facts and circumstances of such case, the interest of society does not demand or require that such person shall suffer the penalty imposed by law if he or she shall thereafter behave well. . . ." (Emphasis supplied.)

Fortner would have us believe that a suspended sentence is made mandatory if "the interest of society does not demand or require that the convicted person shall suffer the penalty imposed by the law if he shall thereafter behave well." The statute is clear in its grant to the trial court of discretion in exercising judgment of suspending sentences. The discretionary role of the trial judge has been delineated by Chief Justice Arterburn in *Farmer* v. *State* (1971), 257 Ind. 511, 275 N.E.2d 783, which held:

> "The granting of probation to a defendant, who is found guilty of a crime is wholly discretionary power of the trial court. Burns' Ann. Ind. Stat. (1956 Repl.) sec. 9-2209, IC 1971, 35-7-1-1. In this case, the trial judge stated that he felt under the circumstances probation should be denied. Probation is purely a favor granted by the trial judge and there is no right to probation. We find no evidence in either appellant's brief or the record of this case which could constitute a showing of abuse of discretion on the part of the trial court. Without such a finding, this court will not reverse the decision of the trial judge." 275 N.E.2d at 785.

Here, as in *Farmer, supra,* we find no abuse of discretion by the trial court.

Judgment affirmed.

Lowdermilk and Lybrook, JJ., concur.

NOTE.—Reported at 301 N.E.2d 522.