Patrick **MAHONEY**, Appellant
(Defendant Below),

v.

**STATE of Indiana**, Appellee
(Plaintiff Below).

No. 3–378A65.

Court of Appeals of Indiana,
Third District.

April 26, 1979.

David A. Foelber, Valparaiso, for appellant.

Theodore L. Sendak, Atty. Gen., Rollin E. Thompson, Asst. Atty. Gen., Indianapolis, for appellee.

STATON, Judge.

Patrick Mahoney was convicted by jury of the crime of incest [1] with his stepdaughter, C. He was sentenced to a prison term of two to twenty-one years.

On appeal, Mahoney contends that numerous errors were committed at his trial. We find no error and we affirm.

## I.

### Voir Dire of Jurors

During voir dire examination the State asked prospective jurors how old their children were. Mahoney's objection to this line of questioning was overruled.

1. IC 1971, 35–1–82–1, Ind.Ann.Stat. § 10–4206 (Burns Code Ed.), repealed October 1, 1977.

On appeal Mahoney claims the State used the questioning to influence the jurors to hear the inflammatory evidence of C.'s age at the time of the incestuous act and to locate jurors who would be biased against Mahoney. Mahoney claims the trial court erred when it failed to terminate such questioning.

■ The trial court has broad discretion in conducting the form and substance of voir dire examination. *Roberts v. State* (1978), Ind., 373 N.E.2d 1103; *Tewell v. State* (1976), 264 Ind. 88, 339 N.E.2d 792. The decision of the trial court to permit a particular line of questioning will be examined only for an abuse of such discretion.

Mahoney fails to show any specific harm to his defense that resulted from the State's questioning of prospective jurors. He fails to allege that the jury as constituted was biased against him as a result of such questioning. Finally, he fails to show that any juror was challenged or excused as a result of his or her answers to the State's line of questioning. *Wheeler v. State* (1970), 255 Ind. 395, 264 N.E.2d 600. Mahoney has failed to show that the trial court abused its discretion in permitting the State to inquire about the ages of prospective jurors' children.

## II.

### Evidence of Pregnancy and Birth

■ At trial C. and Mrs. Sally Mahoney were permitted to testify to physical changes in C.'s physical condition followed by the birth of a child on August 29, 1975. Mahoney argues that the trial court erred in admitting prejudicial evidence of a pregnancy which had no probative value with respect to the act of incest with which he was charged.

The pregnancy testified to clearly did not result from the act of intercourse occurring in April 1975. However, Indiana courts allow the admission of evidence of prior incestuous acts in a prosecution for incest. *Woods v. State* (1968), 250 Ind. 132, 235 N.E.2d 479; see discussion *infra*, at Part III. C. testified to acts of sexual inter-

course with Mahoney beginning in December 1974. The period of gestation for a child is such that a child born on August 29, 1975, could have been conceived in December 1974. Therefore, the evidence of the pregnancy was relevant to show that Mahoney had had sexual intercourse with C. over a period of time, culminating in the charged act of April 1975.

The trial court was entitled to exercise its discretion in weighing the probative value of the evidence against any prejudice resulting to the defense. *Boles v. State* (1975), 163 Ind.App. 196, 322 N.E.2d 722. We are unable to conclude that the trial court abused its discretion in admitting the evidence.

## III.

### Other Sexual Acts

■ At trial C. was permitted to testify to other sexual episodes with Mahoney which occurred prior to April 1975. In the State's rebuttal to Mahoney's testimony, a sister, M., was permitted to testify to sexual advances by Mahoney which had occurred a year or two earlier. On appeal Mahoney claims that the trial court erred in admitting C.'s and M.'s testimony of other sexual episodes. He makes a cogent argument on behalf of his stance.

It is true that evidence of prior offenses committed by the accused is generally inadmissible. However, Indiana courts have recognized certain exceptions to this rule. The general rule does not apply when evidence of prior similar offenses is offered to show the accused's "depraved sexual instinct." *Merry v. State* (1975), Ind.App., 335 N.E.2d 249; *Kerlin v. State* (1970), 255 Ind. 420, 265 N.E.2d 22; *Lamar v. State* (1964), 245 Ind. 104, 195 N.E.2d '98. Evidence of such prior acts may be introduced, even in the absence of a conviction. *Bowen v. State* (1975), 263 Ind. 558, 334 N.E.2d 691.

Long-standing Indiana case law allows the admission of evidence of prior similar acts in a prosecution for incest. *See Woods v. State, supra,* 250 Ind. 132, 235 N.E.2d 479. Thus C. was permitted to testify to prior

occasions on which Mahoney had had sexual intercourse with her.

Indiana courts have held that evidence of merely *similar* sexual offenses may be admitted at trial. These similar offenses may have been committed with witnesses other than the prosecuting witness. *Merry v. State, supra,* 335 N.E.2d 249. Thus, M., another of Mahoney's stepdaughters, was permitted to testify to sexual advances Mahoney made toward her on a prior occasion. *See Merry v. State, supra; Woods v. State, supra.*

The trial court followed the settled law in Indiana when it permitted evidence of Mahoney's prior sexual episodes with C. and M.

### IV.

#### Photograph

■ Mahoney claims error in the trial court's admission of a photograph of C. which was taken in the fall of 1974, three years before trial. Mahoney argues that the photograph could not be admitted to prove any material issue; age of the prosecuting witness, for instance, is not at issue in an incest prosecution.

The admission of the photograph was within the discretion of the trial court. *Wilson v. State* (1978), Ind., 374 N.E.2d 45. In admitting the photograph of C., the trial court indicated that C.'s age and appearance were relevant to the jury's determination of which of two disparate statutory sentences to impose. We cannot conclude that the trial court abused its discretion in so ruling. The appearance of the complaining witness at the time of the offense may often be completely irrelevant at trial. However, in a case such as this one, in which C.'s appearance at sixteen had changed greatly during the three years between the time of the offense and the trial, a photograph of C. may have aided the jury in formulating a more accurate reconstruction of the offense.

### V.

#### Marital Privilege

In his brief, Mahoney argues that the trial court erred in permitting Mahoney's wife, Mrs. Sally Mahoney, to testify to matters within the marital privilege, in violation of IC 1971, 34–1–14–5, Ind.Ann.Stat. § 2–1714 (Burns Code Ed.). Mahoney objects to two specific exchanges:

"Q. How would you describe the emotional state of Mr. Mahoney in latter part of 1974?" [Objection made and ruled on.]

\*   \*   \*   \*   \*   \*

"A. Well, he was always worried about money, we didn't have any and Christmas was coming and—"

and,

"Q. Who mentioned that water bill to you?" [Objection made and ruled on.]

\*   \*   \*   \*   \*   \*

"A. Mr. Mahoney handed me the bill just before he left and he told me to be sure to pay the water bill because it would be shut off the next day."

■ We will not consider whether the trial court erred in admitting the answer to the latter question concerning the water bill. Mahoney failed to specify the answer as grounds for error in his motion to correct errors, as required under Ind.Rules of Procedure, Trial Rule 59(G). Hence he failed to preserve any claimed error for our review. *Hartman v. State* (1975), Ind.App., 328 N.E.2d 445; *Bennett v. State* (1973), 159 Ind.App. 59, 304 N.E.2d 827.

■ As to the question relating to Mahoney's emotional state, we find that Mrs. Mahoney's answer did not constitute a privileged communication which should have been excluded from evidence. The claim of a marital privilege is restricted to confidential communications and information gained by reason of the marital relationship. *Shepherd v. State* (1971), 257 Ind. 229, 277 N.E.2d 165. Mrs. Mahoney's answer regarding her general impression of Mahoney's emotional state was not subject to exclusion under the marital privilege, as it was neither a confidential communication

nor was it gained by reason of the marital relationship. *See Merry v. State, supra,* 335 N.E.2d 249. The trial court correctly overruled an objection to the admission of Mrs. Mahoney's answer.

## VI.

### "Rape Shield Law"

■ Prior to trial the State filed a motion in limine. Appellant Mahoney has failed to include the motion in the record on appeal. Apparently the motion dealt with the inadmissibility of evidence of C.'s past sexual conduct. Mahoney's attorney claimed that he was entitled to present evidence under an exception to inadmissibility contained in the "Rape Shield Law," IC 1971, 35–1–32.5–1—35–1–32.5–4 (Burns Code Ed., Supp.1978). The trial court indicated that it would consider any written motion containing an offer of proof concerning evidence of C.'s past sexual conduct. Otherwise, the motion in limine was granted.

Apparently no offer to prove was made. At trial Mahoney asked C. if she were a virgin in December 1974. An objection to the question was sustained.

On appeal, Mahoney contends that the "Rape Shield Law" was not applicable to his trial, and that the trial court's granting of the State's motion in limine resulted in a denial of his constitutional rights of confrontation and cross-examination of the complaining witness.

Prior to October 1, 1977, the "Rape Shield Law" expressly applied to a prosecution for the crime of incest. As of October 1, 1977, the statute was revised to apply in a prosecution for a sex crime, as defined in IC 1971, 35–42–4–1—35–42–4–4 (Burns Code Ed., Supp.1978). These sex crimes, also effective as of October 1, 1977, include rape, criminal deviate conduct, child molesting, and child exploitation. Mahoney argues that the "Rape Shield Law," which no longer specifically applies to incest, could not be invoked by the State at his trial, which occurred subsequent to October 1, 1977.

We can uphold the trial court's grant of the State's motion in limine under either of two theories.

First, the facts tending to prove the crime with which Mahoney was charged, that is, incest, would also have tended to prove the "sex crime" of child molesting, IC 1971, 35–42–4–3. The latter crime did not exist at the time Mahoney was charged. While the "Rape Shield Law" no longer specifically protects a victim of incest from questions regarding his or her past sexual conduct, the law still protects victims of child molesting. In cases like this, where charges are made before a procedural trial rule is amended, we look to the intent of the Legislature in passing the protective rule. The "Rape Shield Law," both before and after revision, was intended to protect young victims of sex crimes. C., the victim in this case, was only thirteen years of age when her stepfather, Mahoney, engaged in sexual intercourse with her. Had Mahoney been charged after October 1, 1977, he could have been charged with either incest or child molesting. The trial court acted correctly in requesting Mahoney to follow the statutory procedure to seek an exception to the inadmissibility of evidence of C.'s past sexual conduct.

■ Second, even if the "Rape Shield Law" did not apply to Mahoney's trial, the trial court's exclusion of evidence may be sustained as an exercise of its inherent discretionary power. *See Lagenour v. State* (1978), Ind., 376 N.E.2d 475. The only question which Mahoney attempted to ask C. regarding her past sexual activity regarded whether she was a virgin. The trial court sustained an objection to the question.

In Indiana the morality of the victim in a prosecution for incest is not at issue. *Merry v. State, supra,* 335 N.E.2d 249. Evidence of the lack of virtue of the prosecuting witness is not a defense to the crime, nor even a mitigating factor. *Merry v. State, supra.* General moral character may only be considered in evaluating the credibility of the victim. However, Mahoney has failed to argue or show that a line of questioning regarding C.'s chastity (and

bearing on her credibility) could have been followed in the absence of the State's motion in limine. *Lagenour v. State, supra.* The trial court properly sustained an objection to the question regarding C.'s virginity.

## VII.

### Sufficiency of the Evidence

■ Mahoney argues that the verdict was not supported by sufficient evidence.

■ This Court may sustain a conviction for incest based upon the uncorroborated testimony of the prosecuting witness, which is sufficient to convince the jury beyond a reasonable doubt of defendant's guilt. *Fortner v. State* (1973), 158 Ind.App. 17, 301 N.E.2d 522; *Woods v. State, supra,* 250 Ind. 132, 235 N.E.2d 479.

C. testified that on several occasions when she was thirteen, including the date contained in the charging information, she went to her family's garage to help her stepfather, Mahoney, sort tapes. On several of such occasions, he pushed her down on the couch, removed her underpants and his own pants, and inserted his penis into her vagina.

C.'s testimony was sufficient to establish the elements of the offense of incest. The jury apparently chose not to believe Mahoney's various defenses to the crime.

## VIII.

### Motion for Judgment on the Evidence

Mahoney made a motion for judgment on the evidence under TR. 50, both at the close of the State's evidence and at the close of all the evidence. We have found that the State presented sufficient evidence on each element of the crime of incest. *Merry v. State, supra.*

## IX.

### Conclusion

We have found no error in the conduct of Mahoney's trial on the charge of incest. The judgment is affirmed.

GARRARD, P. J., concurs.

HOFFMAN, J., concurs in result with opinion.

HOFFMAN, Judge, concurring in result.

I concur in result because I do not agree that the Rape Shield Law is applicable. In this case, however, I do agree that the trial court properly excluded the evidence and properly ruled on the questions that were asked at the trial.