Willard MANUEL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 45S00–8711–CR–1091.

Supreme Court of Indiana.

March 23, 1989.

Scott King, Appellate Div., Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Amy Schaeffer Good, Deputy Atty. Gen., Indianapolis, for appellee.

PER CURIAM.

Appellant Willard Manuel was tried before a jury and convicted of possession of a narcotic drug, a class D felony, Ind.Code § 35–48–4–6 (Burns 1985 Repl.), and criminal recklessness, a class D felony, Ind.Code § 35–42–2–2 (Burns 1985 Repl.). The jury further found that he was a habitual offender. Ind.Code § 35–50–2–8 (Burns 1985 Repl.). The trial court sentenced him to consecutive terms of four years for possession and four years for criminal recklessness. It enhanced the latter term by thirty years because of the habitual offender finding.

Manuel directly appeals to this Court raising two issues:

I. Whether Manuel's trial counsel provided effective assistance; and

II. Whether the trial court committed fundamental error in failing to order a competency hearing *sua sponte*.

The evidence at trial showed that on December 26, 1986, three police officers went to the Highland Pharmacy to identify and serve Manuel with an arrest warrant issued from Hamilton County. It was the only warrant in their possession. They approached Manuel, identified him by his driver's license and asked him to take them to his car.

Manuel had difficulty communicating with the police, but he indicated he wanted to get something from the trunk. He pulled out a handgun and aimed it at one of the police officers. The police disarmed him. While the police were booking Manuel, they discovered three white envelopes that contained heroin.

After the State and defense rested, Manuel decided he wanted to testify in his own defense. The trial court allowed Manuel to take the stand. Manuel answered questions posed to him by nodding or shaking his head. At times, he vocalized his answers. Some of his answers were nonresponsive to the questions or indicated he did not remember the events about which he was being questioned.

## I. *Effective Assistance of Counsel*

Manuel contends his trial counsel did not provide effective assistance of counsel as guaranteed by the federal constitution. Specifically, he claims his counsel failed to move for a competency hearing, neglected to object when the State cross-examined him about other outstanding warrants for his arrest, and did not object when the State cross-examined him about an uncharged offense. Manuel also contends counsel was ineffective for allowing the State to question him about his prior convictions and previous prison terms.

Judicial scrutiny of an attorney's performance is highly deferential. The standard for counsel's performance is that of reasonably effective assistance. To prevail on his claim, Manuel must show that his attorney's performance was deficient and that the defense was prejudiced by the deficient performance. *Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).

Manuel asserts that in light of his limited ability to communicate and unusual behavior at the time of the offense and the trial itself, trial counsel was ineffective for failing to move for a competency hearing. It is impossible to discern from the record whether Manuel was truly unable to verbalize. At trial, Manuel communicated by nodding and shaking his head to indicate affirmative and negative answers. Several times he stated, "I don't know" or "no." He sometimes wrote answers, albeit not in complete sentences.

The trial court stated he had overheard Manuel speaking quite clearly to defense counsel, but defense counsel contradicted the judge's observation. Manuel's attorney stated, "I can anticipate what he's doing, your honor, when he points and there is certain sounds he makes, I can understand after two or three times, I can ask him is it this or that. And he nods, yes once, if I hit the nail on the head, so to

speak." Defense counsel had met with Manuel, knew of his abilities on a first-hand basis, and had been able to communicate with him in preparing for trial. Evidently, defense counsel had no reason to believe Manuel was unable to understand the proceeding and assist in his defense.

The record further establishes that Manuel had a car, license, gun and narcotics having a substantial value. This evidence bears on his competency and counsel's failure to raise the issue. Manuel fails to rebut the presumption that counsel rendered adequate legal representation.

Manuel argues that his defense counsel was ineffective for failing to object to the State's questions regarding other outstanding warrants. He contends that the prejudicial impact of the questioning outweighed its probative value.

Manuel was arrested in Lake County on a single warrant issued for failing to show up in traffic court in Hamilton County. On cross-examination, the prosecutor questioned him about warrants from proceedings in other counties. These other warrants were not the reason the Lake County police arrested him. While defense counsel did not object to the line of questioning, Judge James Letsinger summoned counsel to the bench for a conference. He admonished the prosecutor that this evidence was "completely inadmissible."

■ The prosecutor took the position that all pending charges are admissible against a person on trial for escape. He asserted that there was a case specifically on point, and the court permitted him to continue. The "case on point" which the State has now offered up is *Underhill v. State* (1981), Ind., 428 N.E.2d 759. While *Underhill* is certainly pertinent, it does not hold that all outstanding charges and warrants existing everywhere are admissible against a defendant on trial for escape.

Edward Lee Underhill escaped from the Posey County Jail while confined pending trial on several felonies. During his trial for escape, Underhill sought to prohibit the State from introducing evidence of the various felonies for which he was being held in the jail at the time of the escape. The

State's position was that it was entitled, indeed required, to prove that the defendant was being lawfully detained in order to make its case for escape. The evidence was admitted, in the form of copies of the actual charges, and Underhill was convicted of escape. On appeal, this Court held that the pending charges were admissible to establish lawful detention and noted that the severity of the charges tended to show motive and intent to escape.

To show lawful detention in this case, however, the prosecutor need only have shown that Manuel was wanted for traffic court in Hamilton County. The State went beyond this by questioning the defendant about warrants in several other counties, warrants on which he was not being detained at the time of the escape. Manuel seemed to know about some of them and not about others.

■ Judge Letsinger's initial admonition to the prosecutor was correct. Warrants other than the one on which the prisoner is detained at the time of escape do not establish that he was "lawfully detained." Moreover, the existence of a warrant could never prove intent to escape unless the defendant knew about its existence at the time. Even when a defendant knew about other warrants, the probative value to the State is usually minimal as against the prejudice to the defendant. The questions concerning other warrants do not meet the test in *Underhill* and were inadmissible.

While counsel should have objected to the questions on the other warrants, this failure caused only minor prejudice. The State never proved the other charges by offering documents as it did in *Underhill;* instead, the prosecutor asked Manuel questions about warrants and charges elsewhere. The prosecutor's interrogation mostly generated confusion concerning what the warrants really were and which ones Manuel knew about. The prosecutor finally gave up trying to get it straight. Counsel's failure to object did not deprive Manuel of a fair trial.

■ Manuel claims defense counsel was ineffective for failing to object when the

State questioned him about several full bottles of Dilantin found in his possession. He claims this was error because he was never charged with the offense. The information, however, was relevant to Manuel's recollection of the charged events and was proper cross-examination.

■■■ Manuel also contends his counsel was deficient in not objecting when the State cross-examined him about his prior conviction and previous imprisonment. The trial court properly allowed cross-examination about Manuel's prior convictions for purposes of impeachment. *Fletcher v. State* (1976), 264 Ind. 132, 340 N.E.2d 771. Regarding the questions about where Manuel had been incarcerated for several previous convictions, this was not *per se* prejudicial in that a jury could well presume one convicted of felonies was also incarcerated. The location of incarceration was neither particularly pertinent to the case nor particularly harmful to the defendant. We are not persuaded that counsel's failure to object or decision not to do so fell outside the range of reasonable performance.

## II. *Sua Sponte Competency Hearing*

■ Manuel contends that once the trial court ascertained his inability to communicate properly, it should have ordered a competency hearing *sua sponte*. He claims there was a reasonable question as to Manuel's ability to understand the proceedings or to assist in his defense and thus Indiana law requires a hearing be conducted to resolve that question, citing Ind.Code § 35–36–3–1.

■ A court shall order a competency hearing once the court has reasonable grounds to question a defendant's competency to stand trial. The determination of whether reasonable grounds exist is for the trial court discretion. Observations of the defendant's demeanor during pretrial hearings are an adequate basis for finding that a competency hearing is not necessary. *Brown v. State* (1987), Ind., 516 N.E.2d 29. The reviewing court will determine only whether the trial court abused its discretion.

Here, the trial court had seen and heard Manuel at pretrial proceedings. Judge Letsinger mentioned that Manuel had a handicap and all the discussion on the record among the court and counsel indicate that no one felt Manuel was legally incompetent. He was hard to understand but not legally incompetent. Defense counsel said he understood his client. Manuel has failed in showing any abuse of discretion by the trial court in failing to order a competency hearing.

The trial court is affirmed.

PIVARNIK, Justice, concurring in result only.

Although I do concur with the majority in affirming the trial court in its judgment, I can concur in result only, because I believe the majority is incorrect in its holding regarding the State's questions in re Manuel's other outstanding warrants at the time of his escape. From all that appears in the record, Judge Letsinger may have been correct in his assessment that the prosecutor was going too far in his attempt to show all the outstanding warrants for Manuel, possibly showing warrants of which Manuel was unaware. Since the jury heard very little on the subject, the conclusion that no harm was done is justified.

In analyzing this issue, however, it is my view the majority has misstated the law and has virtually overruled *Underhill v. State* (1981), Ind., 428 N.E.2d 759. The majority contends the prosecutor needed to show only that Manuel was wanted for traffic court in Hamilton County. It then states: "Even when a defendant knew about other warrants, the probative value to the State is usually minimal as against the prejudice to the defendant. The questions concerning other warrants do not meet the test in *Underhill* and were inadmissible." Thus, the majority seems to hold that in a prosecution for escape, the prosecutor is limited to showing the defendant was detained for only one charge even if he is also being held for several others. This is exactly the question raised in *Underhill* when the prosecutor sought to show Underhill was being detained on sev-

en separate charges. Underhill attempted to gain an order *in limine* requiring the State to stipulate he was in "lawful detention" when he escaped. This was to be presented to the jury rather than the fact he was being held for six separate charges. Justice Hunter, writing for a unanimous court in *Underhill*, held:

> Over defendant's objections at trial, certified copies of the various charges pending against him at the time of his escape were admitted, together with testimony of three witnesses—the sheriff, jailer, and clerk—who verified the authenticity of the documents and reiterated the existence of the charges. In sum, the jury was informed of seven separate charges, including a previous escape, which had been pending against defendant at the time of the escape charged.
>
> Evidence of separate, independent, and distinct crimes is inadmissible to establish a defendant's guilt of a charged crime, except to show intent, motive, purpose, identification, or a common scheme or plan. *Pierce v. State*, (1977) 267 Ind. 240, 369 N.E.2d 617; *Woods v. State*, (1968) 250 Ind. 132, 235 N.E.2d 479. Here, the evidence of pending charges not only served to establish the "legality" of defendant's confinement but, significantly, also bore on the question of defendant's motive for and intent to escape. Defendant argues in issue VI, *infra*, that there was no evidence to indicate he acted in concert with Mike Evans, the other escapee. The severity of the penalties potentially awaiting him for the numerous charges pending tended to disprove that claim. Consequently, there was no error in admitting the evidence. *Id.*

*Underhill*, 428 N.E.2d at 764–65.

Escape is a separate crime from any for which Manuel is being detained. Accordingly, it does not "attach" to any particular charge. Therefore, as *Underhill* provides, it is proper to show all matters on which the prisoner is being lawfully detained. It is true, of course, it would not be proper to show a warrant was extant for the arrest and detention of Manuel if he did not know

such a warrant existed. We do not know the nature of the other charges that the prosecutor in the instant case sought to enter into evidence since he abandoned the project. No harm was done in this case. However, statements made by the majority in its analysis of this issue have clouded the sound holding of *Underhill* and unreasonably confused this issue.

I concur in result only.

GIVAN, J., concurs.