STATE EX REL. BERRY, PROSECUTING ATTY. ETC. *v.* BEECHER, SPECIAL JUDGE, ETC.

[No. 29,934. Filed November 29, 1960. Rehearing denied February 14, 1961.]

*Ralph Brill* and *N. George Nasser,* both of Terre Haute, for relator.

*Samuel E. Beecher, Jr.,* of Terre Haute, *pro se.*

JACKSON, J.—This is an original action, growing out of a criminal prosecution by affidavit of one Jack William Martin in the Vigo Circuit Court on two counts

charging assault and battery on a child, being cause No. 19822 on the dockets of the Vigo Circuit Court.

The relator sought a temporary writ of mandate and prohibition against the defendant Samuel E. Beecher, Jr., as Special Judge, requiring him to stay the proceedings in said cause, to expunge from the record all entries made since March 1, 1960, to prohibit him from making any further entries other than to sustain the relator's motion for a change of venue from the Special Judge and further to show cause why such writ should not be made permanent. The temporary writ, in the alternative, was issued April 6, 1960.

Respondent first contends that the "Complaint in Mandate" should be dismissed and the temporary writ heretofore issued be dissolved for failure of the relator to comply with Supreme Court Rule 2-35, in that it does not contain certified copies of all the pleadings, orders and entries pertaining to the subject matter in issue. This contention is disposed of by the case of *State ex rel. Spurlock v. Reeves* (1949), 227 Ind. 595, 597, 87 N. E. 2d 725, wherein this court said: "The petition of the relatrix fails to comply with Rule 2-35 of this court. However, this was cured by the respondent's return, setting out the certified copies of all pleadings, orders and entries pertaining to the subject-matter, and therefore this action is being decided upon its merits."

The record pertinent to the issues here shows that an affidavit was filed against Jack William Martin on April 15, 1957; respondent qualified as Special Judge October 6, 1959; on October 23, 1959, defendant, Martin, was permitted to withdraw a former plea of not guilty in order to file a motion to quash the affidavit; on December 10, 1959, respondent sustained defendant Martin's motion to quash the affidavit and gave the

State until December 17, 1959, to file an amended affidavit. On January 6, 1960, the respondent Judge stated his reasons for sustaining the motion to quash; relator gave notice of intention to appeal, and the defendant Martin was released on bond. Thereafter, on February 29, 1960, relator filed an amended affidavit and an affidavit for change of venue from the special Judge. Thereafter on March 14, 1960, the affidavit for change of venue was overruled; on March 31, 1960, the defendant Martin filed a motion to dismiss the affidavit filed April 15, 1957, and for release from bond, hearing on which was set for April 7, 1960.

The respondent in essence raises these questions:

1. The right of the State to file the amended affidavit after December 17, 1960.

2. The right of the State to file the amended affidavit after giving notice of intention to appeal from the sustaining of the defendant's motion to quash.

3. The right of the State to obtain a change of venue from the special judge in the manner and at the time the affidavit for such change was filed.

These questions we answer affirmatively as follows:

1. On the authority of *State* v. *Taylor* (1956), 235 Ind. 632, 137 N. E. 2d 537, we have held, and in the instant case so hold, that the court has no authority to set a time within which the state must file a new or amended affidavit.

2. Without going into an exhaustive review of the law on the subject we point out that the motion to quash an affidavit in a criminal matter performs the function of a demurrer in a civil case. *Scott* v. *State* (1911), 176 Ind. 382, 383, 96 N. E. 125; *Zehrlaut* v. *State* (1951), 230 Ind. 175, 183, 102 N. E. 2d 203. The State, by statute, Acts 1905, ch. 169, §195,

p. 584, being §9-1130, Burns' 1956 Replacement, may file a new or amended affidavit, or may appeal pursuant to Acts 1955, ch. 315, §1, p. 968, being §9-2304, Burns' 1956 Replacement.

Rule 2-3 of this court provides for the manner of taking appeals, the pertinent part of the rule applicable here reads as follows: ". . . An appeal shall be initiated by filing in the office of the clerk below a praecipe designating what is to be embraced in the transcript. . . ." No action was taken in the instant case to initiate or perfect an appeal. The State, under the record here, was not precluded from proceeding under §9-1130, Burns' 1956 Replacement, *supra*.

3. Rights of the State to a change of venue from a special judge, on proper application, by the terms of Acts 1937, ch. 7, §§2, 3, 4, p. 40, being §§9-1323—9-1325, Burns' 1956 Replacement, is absolute.

The temporary writ heretofore issued is now made permanent, and the respondent is further ordered to grant a change of venue from the judge.

Bobbitt, C. J., Achor and Arterburn, JJ., concur.

Landis, J., concurs in result.

NOTE.—Reported in 170 N. E. 2d 425.