STATE EX REL. PEARCY, PROSECUTING ATTORNEY *v.*
CRIMINAL COURT OF MARION COUNTY, KLINEMAN,
SPECIAL JUDGE.

[No. 30,410. Filed July 8, 1963.]

*Frank E. Spencer,* of Indianapolis, for relator.
*Noble R. Pearcy, pro se.*
*Alan I. Klineman, pro se.*

MYERS, C. J.—This cause comes to us on a petition for a writ of prohibition and mandate presented by Noble R. Pearcy, Prosecuting Attorney for the 19th Judicial Circuit, relator.

There was pending in the Criminal Court of Marion County, Division II, Cause No. CR 26320-Z, entitled "State of Indiana v. Eddie Lee Clark." The defendant, Eddie Lee Clark, was charged by affidavit with having committed the criminal offense of rape. On December 3, 1962, the defendant filed an affidavit for change of venue from the Judge, which was thereupon granted, and the respondent, Alan I. Klineman, was selected and qualified as the Special Judge.

On the 18th day of April, 1963, the relator informed defendant's attorney and the office of the Special Judge that the State of Indiana was preparing and would file, on the following day, April 19, 1963, a motion for change of venue. On April 19th the relator did file such motion, before the commencement of

trial, pursuant to the provisions of §§9-1322—1325, Burns' Ind. Stat., 1956 Replacement, with a copy being served upon the defendant's attorney. The Special Judge overruled the motion for change of venue from the Special Judge, and, after overruling a motion of the relator that the court reconsider the ruling, set the cause for trial by jury on April 22, 1963, at 9:30 a.m.

On April 19, 1963, relator filed a petition before this court asking that a temporary writ of prohibition and an alternative writ of mandate be issued herein mandating the Special Judge to grant the change of venue, or, in the alternative, that the respondents show cause why such writ should not be made absolute; and that the respondents be prohibited and directed from any further acts in connection with the cause, except to grant the motion for change of venue from the Special Judge.

This court on the same day, being April 19, 1963, granted the temporary writ as requested by the relator, and it was served on the Special Judge. *State ex rel. Berry, etc.* v. *Beecher, etc.* (1961), 241 Ind. 353, 170 N. E. 2d 425. Thereafter the Special Judge filed his answer wherein he stated that on the 23rd day of April, 1963, he granted the motion for change of venue from the Special Judge and named a panel of three practicing attorneys in Marion County from which a Special Judge was to be selected.

It has come to this court's attention that a Special Judge was selected from the three named, and has qualified as such Special Judge in the aforementioned cause. Thus, in so far as Special Judge Alan I. Klineman is concerned, he has acted as directed by this court, the matter is now moot, and there is no further question presented to us.

Temporary writ dissolved.

Achor, Arterburn, Jackson and Landis, JJ., concur.

NOTE.—Reported in 191 N. E. 2d 700.