MARTIN v. STATE OF INDIANA.

[No. 30,180.   Filed December 17, 1963.   Rehearing denied April 16, 1964.]

Ralph E. Brill and N. George Nasser, both of Terre Haute, for appellant.

Edwin K. Steers, Attorney General, and William D. Ruckelshaus, Assistant Attorney General, for appellee.

ACHOR, J.—Appellant was charged, in two counts, with assault and battery with intent to gratify his sexual desires, under the alternative provisions of Acts 1951, ch. 277, §1, p. 825, being §10-403, Burns' 1956 Repl. He was found guilty of assault and battery as an included offense within the first count, and was sentenced accordingly.

Appellant asserts three basic grounds for reversal:

1. That the court erred in overruling appellant's motion to dismiss and discharge the appellant, because of the failure of the state to prosecute the action within the provisions of the three-term statutes Acts 1905, ch. 169, §220, p. 584, being §9-1403, Burns' 1956 Repl.

2. That the sustaining of a motion to quash the original affidavit was a final judgment, since the motion was sustained on the ground that §10-403, supra, upon which the cause was based, was unconstitutional. Hence, that the quashing of the affidavit finally disposed of the subject-matter of the litigation and put an end to the particular case, insofar as the court had power to dispose of it.

Based upon the above contention, appellant asserts that it became the duty of the state to appeal from that judgment within 90 days, and, not having done

so, it is estopped from further proceeding in the case and of prosecuting this appeal.

3. Appellant asserts that the court committed error in overruling the motion to quash each count of the second amended affidavit, on the ground that it was subject to the same deficiencies for which the original affidavit and the first amended affidavit were quashed, to-wit:

"(a) The allegations stated in . . . the affidavit do not constitute a public offense.

"(b) That . . . said affidavit does not state the offense with sufficient certainty.

"(c) . . . [S]aid affidavit contains matter which is a legal bar to the prosecution."

We will consider appellant's contentions in the order above enumerated.

First, appellant argues that the court below erred in not sustaining his motion to dismiss, as more than three terms of court had elapsed without trial, and without fault of appellant.[1]

This case and a related case have been before this court on two prior occasions. In the first instance, this court reversed the judgment, on the ground that the decree was not compatible with the verdict of the jury. *Martin* v. *State* (1959), 239 Ind. 174, 154 N. E. 2d 714.

---

1. The three-term statute in question reads as follows: "No person shall be held by recognizance to answer an indictment or affidavit, without trial, for a period embracing more than three [3] terms of court, not including the term at which a recognizance was first taken thereon, if taken in term time; but he shall be discharged unless a continuance be had upon his motion, or the delay be caused by his act, or there be not sufficient time to try him at such third term; and, in the latter case, if he be not brought to trial at such third term he shall be discharged, except as provided in the next section." Acts 1905, ch. 169, §220, p. 584 [§9-1403, Burns' 1956 Repl.].

Later, while the case was again in the trial court, the state filed a motion for change of judge, which motion was denied by the special judge, although the state was entitled to such relief. Thereupon the state filed a proceeding in mandamus, pursuant to which this court issued a writ, and, thereafter, denied a petition for rehearing. Application for these proceedings was filed on April 6, 1960, and the petition for rehearing was denied on February 14, 1961, during all of which time the matter was pending before this court. *State ex rel. Berry, etc.* v. *Beecher* (1961), 241 Ind. 353, 170 N. E. 2d 425.

During the course of the above proceedings, the May, September, and November terms were permitted to elapse without any proceedings being had in said trial court. Basically, appellant rests his cause for discharge upon this lapse of time which, he asserts, could not be attributed to him.

We do not concur in appellant's contention. Although in the proceedings for a writ of mandamus, the trial judge, and not the appellant here, was named as respondent, we judicially know that ordinarily the adverse parties in the action before the court are the real parties in interest in resisting the action which the petitioner would require of the trial court. In this particular case, this court not only had judicial knowledge of the normal interest of the appellant in the proceedings; here the attorneys for appellant, as shown by the record, actually represented the respondent judge in opposing the remedial action to which the relator was entitled. Under these circumstances, the appellant cannot, with propriety, deny that the delay occasioned by these proceedings was chargeable to him.

Furthermore, notwithstanding the general language

which appears in the cases cited by appellants,[2] we note that none of the cases have considered that §9-1403, *supra*, applied under circumstances where the delay was caused by proceedings in this court. In fact, an implication to the contrary appears in the case of *Zehrlaut* v. *State* (1951), 230 Ind. 175, 183-184, 102 N. E. 2d 203, relied on by appellant. In that case this court stated:

> "The statute, . . . [b]eing a practical implementation of Art. 1, §12 of the Indiana Constitution, it casts no burden upon the defendant, but does cast an imperative duty upon the state and its officers, *the trial courts and prosecuting attorneys,* to see that a defendant held on recognizance *is brought to trial* agreeable with this section of the constitution and its implementing statute. . . . " [Our emphasis.]

This construction of the statute §9-1403, *supra*, is supported by the clear language of the statute, since the terms of court involved are those of the trial court, and the responsibility for bringing the action to trial is thrust upon the prosecuting attorney and the trial judge, neither of whom could exercise any control over the judicial process in this court.

To hold that any proceedings filed by the state in this court must count as term-time, within the contemplation of the statute, would amount to applying the statutory proscription in many, if not a majority, of the cases brought before this court, since the procedural process in bringing an action to this court, and the deliberative period required for an adjudication of the issues presented, would nor-

---

2. *Castle* v. *State* (1957), 237 Ind. 83, 143 N. E. 2d 570; *Colglazier* v. *State* (1953), 231 Ind. 571, 110 N. E. 2d 2; *Zehrlaut* v. *State* (1951), 230 Ind. 175, 102 N. E. 2d 203; *Wollyung* v. *State* (1951) 230 Ind. 697, 102 N. E. 2d 503.

mally exceed the period of two or three terms of the trial court, as specified in the statute. It is inconceivable that such was the intention of the legislature which enacted the law.

This court has held that where the appellant sets in motion the chain of events that causes the delay, he is not entitled to discharge under §9-1403, *supra*. *Wedmore* v. *State* (1957), 237 Ind. 212, 143 N. E. 2d 649.

Next we consider appellant's second contention, as heretofore stated. It is appellant's contention that the court's decision in quashing the first affidavit was a final judgment, since his decision was based upon a determination that §10-403, *supra,* was unconstitutional, and, therefore, under Acts 1905, ch. 169, §195, p. 584, being §9-1130, Burns' 1956 Repl., no new affidavit could be filed. Appellant has cited no authority for this contention, other than the above cited statute [§9-1130], which reads as follows:

"If the motion to quash be sustained the defendant shall not be discharged, unless the court should be of opinion that the objection can not be avoided by a new indictment, or affidavit. And in case an indictment or affidavit is quashed, the court shall direct the case to be resubmitted to the grand jury which found the indictment, or to another grand jury, or the prosecuting attorney may file a proper affidavit against the defendant, charging him with the offense. And the court must detain the defendant in custody, or recognize him with sufficient surety, if the offense be bailable, to answer to the offense, and if necessary recognize the witness to appear and testify."

Obviously §9-1130, *supra,* provides for the discharge of a defendant if the court is of the opinion

that the error cannot be avoided by a new affidavit. However, we are here confronted with the fact that the court made no finding to this effect, entered no judgment, and did not order the appellant discharged; but, instead, expressly granted the state time in which to file an amended affidavit. Although the appellant subsequently filed a motion for discharge, based upon the fact that the court had sustained the motion to quash, from which action the state had prosecuted no appeal within ninety days, appellant did not assert that a final judgment had been entered in the case. The appellant cannot here, for the first time, assert a theory, with regard to the disposition of his case, which was not asserted in the trial court.

In support of his third major contention, as previously stated, appellant contends that the allegations in the affidavit do not constitute a public offense, for the reason that §10-403, *supra*, upon which the affidavit is grounded, is unconstitutional. Specifically, appellant argues that §10-403 is unconstitutional in that it violates Art. 4, §20, of the Indiana Constitution, which reads as follows:

"Every act and joint resolution shall be plainly worded, avoiding, as far as practicable, the use of technical terms."

It is appellant's contention that §10-403, *supra*, is not so worded. It reads as follows:

"Whoever in a rude, insolent or angry manner, unlawfully touches another, is guilty of an assault and battery, and on conviction, shall be fined not more than one thousand dollars [$1,000], to which may be added imprisonment in the county jail not exceeding six [6] months: Provided, That whenever in the commission of the offense any person removes, tears, unbuttons, unfastens,

or attempts to remove, tear, unbutton or unfasten any clothing of any child who has attained his or her twelfth [12] birthday but has not attained his or her seventeenth [17] birthday, or fondles or carresses the body or any part thereof of such child with the intent to gratify the sexual desires or appetites of the offending person or, under circumstances which frighten, excite, or tend to frighten or excite such child, the punishment shall be imprisonment in the Indiana state prison for a period of time of not less than one [1] year nor more than five [5] years: Provided, further, That if such child has not attained his or her twelfth [12] birthday, the punishment for such offense shall be imprisonment in the Indiana state prison for a period of time of not less than two [2] years nor more than twenty-one [21] years."

Appellant's contention is not well taken, for two reasons: First, because appellant was convicted of simple assault and battery under Count One of the affidavit. On at least two prior occasions, this court has held that assault and battery is a lesser included offense within the crime of assault and battery with intent to satisfy sexual desires. *Martin* v. *State, supra* [239 Ind. 174, 154 N. E. 2d 714]; *Hamilton* v. *State* (1957), 237 Ind. 298, 301, 145 N. E. 2d 391. In the latter case, this court also held:

"The affidavit properly charged a lesser offense, namely, a simple assault and battery of which the appellant was convicted. . . . Where an accused has been charged with a greater offense, but upon trial has been found guilty of a lesser included offense, he cannot complain of an erroneous overruling on a motion to quash directed to the greater offense if the lesser offense is properly charged. The alleged error is both harmless and moot on appeal."

Thus, under *Hamilton* v. *State, supra,* the alleged error is both harmless and moot on appeal.

Secondly, even if the question were not moot, there would be no merit to appellant's contention. Appellant first alleged that §10-403, *supra*, is unconstitutional, in that it is not clear how a person could "fondle and caress the body" of another in a "rude, insolent or angry manner." However, a caress could be done in a rude or insolent manner if it were unwanted or misunderstood, and if the act were applied to intimate parts of the body. As noted by appellant, the word "rude" is defined in Webster's Dictionary as "primitive and uncivilized." This is exactly what the statute proscribes—a caress or fondlement done in a primitive or uncivilized manner, with intent to gratify the sexual desires of the acting party, as contrasted with acts done in an expression of affection from a platonic motivation.

Appellant further argues that §10-403, *supra*, is vague and uncertain, in that it is "beyond the comprehension of man to determine if a person intends to gratify his sexual desires by touching a person of the opposite sex. . . ." Many crimes carry with them the element of intent. The difficulty of proving intent is not determinative of the constitutionality of a criminal statute which makes intent an essential element of the crime. In such instances it is necessary only that the intent which is proscribed by statute, be proved. *Markiton* v. *State* (1957), 236 Ind. 232, 139 N. E. 2d 440. The same reasoning would apply to appellant's objection as to "circumstances which frighten, excite, or tend to frighten or excite such child." [§10-403.] The questions which the appellant raises regarding proof of the facts proscribed by §10-403, *supra*, are facts which can be decided by the fact-finder—in this case, the judge. They do not negate the constitutionality of the act.

Finally, appellant contends that the affidavit is bad because of duplicity. Here again, appellant's argument in his motion to quash goes to the part of the affidavit charging assault and battery with intent to gratify sexual desires, and not to the included offense of assault and battery, for which appellent was convicted. As heretofore noted, under *Hamilton* v. *State, supra,* appellant cannot here complain of the overruling of his motion to quash the greater offense, if the lesser offense is properly charged. Appellant does not contend that the lesser offense is not properly charged.

In any event, the affidavit was not defective because of duplicity. The affidavit charged the offense in separate counts, under the alternative provisions of §10-403, *supra,* based upon different facts related to the same transaction. Count One charged that appellant "did . . . touch . . . fondle and caress the body" of a female child. Count Two charged that appellant "did remove, tear, unbutton and unfasten the clothing of" a female child. In each count, the affidavit charged the commission of the acts conjunctively, which acts, based upon the same transaction, are disjunctively proscribed in §10-403. This is the proper way to draft an affidavit founded upon a statute as is here in question. *Brown* v. *State* (1959), 239 Ind. 358, 157 N. E. 2d 174; *Marks* v. *State* (1942), 220 Ind. 9, 40 N. E. 2d 108; *Smith* v. *State* (1960), 241 Ind. 1, 168 N. E. 2d 199. See: Ewbank, Criminal Law, §186.

Judgment affirmed.

Landis, C. J., Arterburn and Myers, JJ., concur. Jackson, J., dissents [without opinion].

NOTE.—Reported in 194 N. E. 2d 721.