STATE EX REL. WALKER *v.* RATLIFF, SPECIAL JUDGE, HANCOCK
SUPERIOR COURT.

[No. 669S139. Filed February 19, 1970.]

*Melville E. Watson,* Greenfield, for relator.

*Peter D. Schumacker,* Prosecuting Attorney, 18th Judicial Circuit, Greenfield, for respondent.

ORIGINAL ACTION

GIVAN, J.—On the 23rd day of June the petitioner appeared before this Court to present his petition for writ of mandate wherein he asks this Court to enter an order commanding the respondent as Judge of the Hancock Superior Court to grant relator's discharge from custody on a charge of second degree murder on the alleged ground that he had been held for a period of 50 days following the making of a motion for discharge, which holding was in violation of Rule 1-4D of the Rules of the Supreme Court. At that hearing the petitioner was advised by this Court that it would deny such relief. The petitioner did, however, exercise his right following the conference to file his petition and transcript of the record with the Clerk of this Court.

An examination of the record in this case discloses that the petitioner was originally tried in July of 1967. This trial resulted in a verdict of guilty of second degree murder upon which the relator was sentenced to life imprisonment in the Indiana State Prison. From this conviction he appealed to this Court, and on November 15, 1968, the cause was remanded

to the trial court with instructions to grant appellant's motion to quash an amended indictment and to grant appellant's motion for new trial. Upon certification of this Court's opinion to the trial court the cause was resubmitted to the Hancock County Grand Jury and an indictment returned charging the relator with second degree murder. To this indictment the relator addressed a plea in abatement, which was sustained on February 6, 1969. The court ordered the relator held without bond and the cause resubmitted at the next regular session of the grand jury. On February 10 relator filed his motion and demand for trial or discharge and a separate motion for discharge. His motion and demand for trial or discharge was filed pursuant to Burns' Indiana Statutes § 9-1131 which reads as follows:

"In any case where the defendant is charged with a felony, upon indictment, and the indictment has been quashed, and no grand jury is in session, or when the cause has been appealed to the Supreme Court and reversed on account of defects in the indictment, he shall have the right to demand that he be prosecuted by affidavit without delay; and if the prosecuting attorney fails to so prosecute, the defendant shall be discharged from custody: Provided, That, upon a statement by the prosecuting attorney that he is unable to procure from any one the necessary affidavit, the court, in its discretion, may hold the defendant to await the action of the next grand jury. [Acts 1905, ch. 169, § 196, p. 584.]"

This motion was complied with when on the 13th day of February, 1969, the grand jury returned an indictment charging second degree murder. The separate motion for discharge which was filed on February 10 requested discharge for the reason that appellant had been held continuously since his arrest March 6, 1967, without trial, embracing a period of more than two terms after the term in which the indictment was filed.

We find no merit to this contention for the reason that it was appellant himself who, pursuant to his constitutional

right, perfected an appeal from his original conviction and obtained reversal of his first trial through such appeal. It would be unrealistic for this Court to hold that time required for the perfection of his appeal would be charged against the state and upon return of the cause to the trial court that court would be required to discharge the defendant by reason of the expiration of time. This Court has previously held that delays instituted by reason of the action taken by the defendant are not to be computed in operation of the rule requiring discharge for delay in trial. *Norris* v. *State* (1968), 251 Ind. 155, 240 N. E. 2d 45, 15 Ind. Dec. 271; *Epps* v. *State* (1963), 244 Ind. 515, 192 N. E. 2d 459, 2 Ind. Dec. 75.

No further motion for an early trial was made by the relator until April 24, 1969, when he filed a motion for discharge for delay in trial and a change of venue from the judge. Under Rule 1-4D of the rules of this Court the trial court had six months from the date of the return of the indictment to bring relator to trial unless following the indictment the appellant should file a motion for early trial. Upon the filing of such motion the court would then be required to bring the defendant to trial within 50 judicial days from the time of such motion with the exception of delays caused by the relator as stated in the rule. In an examination of this record we find no such motion for early trial from the time of the indictment on February 13, 1969, until the filing of the motion to discharge on April 24, 1969, which was well within the six months allowed by the rule for the court to bring the defendant to trial. The filing of change of venue from the judge on April 24, 1969, and the filing of his action in this Court are both delays occasioned by action of the relator which toll the running of the six months' period allowed in the rule.

Rule 1-4D of this Court will again go into operation upon certification of this opinion to the trial court and the court will be required to bring the defendant to trial within the terms of that rule.

Petition for writ of mandate is denied.

Hunter, C.J., and Arterburn, J., concur; Jackson, J., concurs in result; DeBruler, J., not participating.

NOTE.—Reported in 255 N. E. 2d 223.