STATE EX REL. EDDIE LOUIS GARVIN *v.* DEARBORN
CIRCUIT COURT AND WILLIAM C. RUNYON
AS SPECIAL JUDGE.

[No. 571S143. Filed January 21, 1972. Rehearing denied March 21, 1972.]

*Phillips B. Johnson,* of Versailles, for relator.

*Jack R. Shields,* Prosecuting Attorney, of Batesville, for respondent.

GIVAN, J.—Relator brought this original action seeking a writ of mandate commanding the Dearborn Circuit Court and The Honorable William C. Runyon, special judge, to discharge him or show cause why such should not be done.

The events leading to this original action are as follows:

Relator was convicted of the crime of being an accessory after the fact of armed robbery; that conviction was appealed to this Court resulting in the granting of a new trial. See *Garvin* v. *State* (1970), 255 Ind. 215, 263 N. E. 2d 371, 23 Ind. Dec. 398.

On December 11, 1970, relator was returned to the Ripley Circuit Court to again stand trial.

On December 24, 1970, he filed a change of venue from the county. At the same time he filed a motion for early trial under CR. 4(B). In due course the venue was changed to Dearborn County, the change being perfected on the 7th day of January, 1971.

On the 23rd of February, 1971, relator filed a petition for discharge under the above rule alleging that more than fifty judicial days had passed since his December 24 motion for early trial. The regular judge of the Dearborn Circuit Court, The Honorable Lester Baker, disqualified himself on the ground that he had previously heard and determined a petition for a writ of habeas corpus concerning the same defendant on the same charges. Thereafter, The Honorable William C. Runyon qualified as special judge in this case. Judge Runyon then denied relator's petition for dicharge on the ground that relator himself had caused the delay.

First, we must observe the fifty (50) day period within which the relator was required to be brought to trial after making a motion under the rule did not begin to run until the 7th day of January, 1971. The relator's request for change of venue filed in the Ripley Circuit Court constituted delay chargeable to him. See *State* v. *Grow* (1970), 255 Ind. 183, 263 N. E. 2d 277, 23 Ind. Dec. 348. Since the time did not start to run until the 7th day of January, appellant's petition for discharge filed on the 23rd day of February, 1971, was made at a time when eleven (11) judicial days remained before the expiration of the fifty days referred to in the rule. The filing of this premature petition for dis-

charge, of course, required the trial court to set a date for hearing and rule thereon before proceeding further with the case.

The relator argues that notwithstanding the filing of this premature petition for discharge the fifty-day period continued to run and expired on the 6th day of March, 1971, thus entitling the relator to a discharge any time following that date. We do not agree. We hold that the filing of the premature petition for discharge by the relator was an action on his part which caused a delay in bringing him to trial during the remaining eleven judicial days, and that the fifty-day period required under the rule tolled until the matter of his petition was determined by the court, including the present action in this Court taken subsequent to the trial courts' overruling of his petition for discharge. See *State* v. *Grow, supra,* and *State ex rel. Walker* v. *Ratliff* (1970), 253 Ind. 495, 255 N. E. 2d 223, 20 Ind. Dec. 286.

IT IS, THEREFORE, ORDERED that the temporary writ heretofore issued in this cause be dissolved, and this cause be remanded to the trial court with instruction that the State of Indiana be granted eleven days within which to bring the relator to trial. If the State should fail to bring the relator to trial within eleven judicial days, he will then be entitled to be discharged under rule CR. 4(B). The period of eleven judicial days remaining to bring relator to trial will not begin to run until the Clerk of this Court has certified this opinion to the trial court, which certification will not be made until final disposition of this cause, including ruling on any possible petition for rehearing in this cause.

Arterburn, C. J., and DeBruler and Prentice, JJ., concur.

Hunter, J., dissents with opinion.

## DISSENTING OPINION

HUNTER, J.—I must respectfully dissent in this cause for I cannot agree that the premature motion for discharge was

a delay chargeable to the defendant. Although I do not feel the early trial rule is always a practical one for state-wide application, I do feel that as long as we have the rule we should follow both the *spirit* and the letter of the rule. The question one must ask is whether the premature motion for discharge is the type of delay which was contemplated as being chargeable to the defendant. In my opinion it is not. As relator points out, his petition served more to alert the court of the delay occurring in his case than to impose delay.

The reason delays are chargeable to defendant and extend the fifty days is to prevent a defendant from invoking the rule and then utilizing dilatory tactics to assure the lapse of fifty days. The idea is that if one really desires a speedy trial he would not and should not cause any delay in bringing his cause to trial on the merits. Can anyone seriously question that the defendant did indeed desire a speedy trial? His motion for discharge, filed in good faith, was certainly not intended as a delaying tactic and therefore should not be chargeable as such. The defendant's action was not in contravention of the spirit of the rule but was actually a tool in its implementation for the court then has notice that the fifty days is about to toll. By charging this delay to the defendant we emasculate the rule by undermining its philosophical cornerstone and with this I cannot concur.

NOTE.—Reported in 277 N. E. 2d 370.