**STATE of Indiana, ex rel. Michael J. COX, Relator,**

v.

**The SUPERIOR COURT OF MADISON COUNTY, DIVISION III and the Honorable Thomas Newman, Jr., as Judge Thereof, Respondents.**

No. 1182S454.

Supreme Court of Indiana.

March 18, 1983.

Sharon Carroll Clark, Anderson, for relator.

Linley E. Pearson, Atty. Gen., Indianapolis, Thomas Godfrey, Deputy Pros. Atty., of Madison County, Anderson, for respondents.

GIVAN, Chief Justice.

Relator petitioned this Court for a writ of mandamus and prohibition. We denied his petition following a hearing on November 18, 1982.

The facts giving rise to relator's petition evolve from his motion for discharge, made pursuant to Criminal Rules of Procedure, Rule 4(B). A grand jury indictment charging relator with first degree murder, was filed on May 10, 1982. Trial was set for August 2, 1982. Relator requested a continuance on June 7, 1982. The court granted the motion, resetting the trial date for October 4, 1982.

Relator filed a speedy trial motion on July 30, 1982 which was granted on August 12, 1982. Because the previous trial date was found to be within the time limitations of Ind.R.Cr.P. 4(B), the trial date of October 4, 1982, remained unchanged.

On October 1, 1982, relator filed a motion in limine that respondent characterizes as affecting major evidence of guilt by the testimony of three witnesses. A hearing was held on October 4 on the motion. One witness, to whom use immunity was extended, refused to testify. Pursuant to statute, a continuance was granted until October 5, 1982, to provide a separate hearing for the witness on this issue. The witness was found to be in contempt of court and jailed. The court then granted relator's motion in limine. At this time the jury had been summoned and was present.

After determining the State was entitled to take an interlocutory appeal on the court's ruling on relator's motion in limine, the trial court granted a continuance. The State filed its praecipe on October 5, 1982.

Respondent filed his motion for discharge on October 7, 1982. A hearing on the motion was held October 8, 1982. The motion was denied on October 12, 1982.

We parenthetically note the motion for discharge was filed prematurely. The seventieth day fell on October 8. Thus, the motion would have been properly overruled. *Akins v. State,* (1981) Ind., 429 N.E.2d 232; *Banks v. State,* (1980) Ind., 402 N.E.2d 1213.

This Court has held that not only is a delay caused by a premature motion for discharge attributable to defendant but also the period prescribed by the rule is tolled until the court rules on the matter. *State ex rel. Garvin v. Dearborn Circuit Court,* (1972) 257 Ind. 631, 277 N.E.2d 370. The subsequent original action on the issue was held chargeable to defendant. *State ex rel. Garvin, supra.*

■ Relator argues the time required for the interlocutory appeal on the question of the court's ruling on the motion in limine is not attributable to him. He contends that a motion in limine is a predictable pretrial procedure, not a delaying tactic. Whether the acts causing the delay are meritorious or justifiable is of no moment. It is the effect of those acts that determines whether the delay is attributable to the defendant. *Bradberry v. State,* (1977) 266 Ind. 530, 364 N.E.2d 1183. We held in *Bradberry, supra,* that since appellant's motion for change of judge set in motion a chain of events which was not complete until the special judge qualified and assumed jurisdiction, the delay occasioned by such motion was chargeable to the defendant.

In *Martin v. State,* (1963) 245 Ind. 224, 194 N.E.2d 721, the appellant claimed the trial court erred in not sustaining his motion to dismiss pursuant to the statutory precursor of Ind.R.Cr.P. 4(B). The State had filed a motion for a change of judge. Although the State was entitled to the change, the special judge had denied the State's motion. The State then filed a petition for writ of mandamus which was granted. During the proceedings before this Court, from the filing of the petition on April 6, 1960, to the denial of the rehearing on February 14, 1961, ten months lapsed. Appellant argued his basis for discharge on this lapse of time as not being attributable

to him. In response to his allegation this Court stated:

"To hold that any proceeding filed by the state in this court must count as term time, within the contemplation of the statute, would amount to applying the statutory proscription in many, if not a majority, of the cases brought before this Court, since the procedural process in bringing an action to this Court, and the deliberative period required for an adjudication of the issues presented would normally exceed [the proscribed time period], as specified in the statute. It is unconceivable that such was the intention of the legislature.

"This Court has held that where the appellant sets in motion the chain of events that causes the delay, he is not entitled to discharge . . . ."

*Martin, supra,* 245 Ind. at 229–30, 194 N.E.2d at 724.

The trial court properly denied relator's motion for discharge for the reasons set forth above. The relator is properly charged with the delay occasioned by the State's appeal of the favorable ruling on his motion in limine. The time limitation is tolled pending the State's interlocutory appeal. We note the State's duty to bring relator to trial within the seventy day period which again commences to run upon the issuance of an appellate opinion on the interlocutory appeal.

The relator's petition for writ of mandamus and prohibition is hereby denied.

All Justices concur.