FILED

Oct 11 2019, 8:43 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court



ATTORNEY FOR APPELLANT

Mark K. Leeman
Leeman Law Office and
Pulaski County Public Defender
Logansport, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General

Angela N. Sanchez
Assistant Section Chief,
　Criminal Appeals
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Brandon Battering,

*Appellant-Defendant,*

v.

State of Indiana,

*Appellee-Plaintiff*

October 11, 2019

Court of Appeals Case No.
18A-CR-2309

Appeal from the
Pulaski Circuit Court

The Honorable
Michael A. Shurn, Judge

The Honorable
Mary Welker, Judge

Trial Court Cause No.
66C01-1512-F1-3

**Vaidik, Chief Judge.**

# Case Summary

Brandon Battering, who is charged with child molesting and child solicitation based on allegations that he engaged in sexual conduct with his twelve-year-old stepsister, appeals the denial of his motion for discharge under Indiana Rule of Criminal Procedure 4(C). Rule 4(C) entitles a criminal defendant to discharge if the State fails to bring the defendant to trial within one year of the filing of charges or the arrest of the defendant, whichever is later. The deadline can be extended for a variety of reasons. Our Supreme Court held in *Pelley v. State*, 901 N.E.2d 494 (Ind. 2009), *reh'g denied*, that when the State pursues an interlocutory appeal and the trial-court proceedings get stayed as a result, the deadline is extended accordingly. The issue in this case is whether the trial-court proceedings were "stayed" when the trial court authorized an interlocutory appeal by the State and vacated the upcoming trial date but did not actually use the word "stay." We hold that they were, and we therefore affirm the trial court's denial of Battering's motion for discharge.

# Facts and Procedural History

Rule 4(C) provides, in relevant part, "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later[.]" Battering was arrested on December 3, 2015, but he was not charged until the next day, December 4, 2015. Under Rule 4(C), then, the State initially had

until December 4, 2016, to take Battering to trial. However, at a pretrial conference held in April 2016, trial was set for January 24-26, 2017, apparently with no 4(C) objection from Battering.

[3] On January 13, 2017, eleven days before trial was set to begin, Battering filed a motion to suppress incriminating statements he made to police, claiming that officers had continued questioning him after he invoked his right to remain silent. The trial court held a hearing on Battering's motion on January 19 and granted it the same day.

[4] During a telephonic conference the next afternoon, the prosecutor indicated that he would be asking the court to certify its suppression order for interlocutory appeal. Defense counsel asked the prosecutor, "Are you going to ask to stay the proceedings and to continue the jury trial?" Supp. Tr. p. 7. The prosecutor answered, "Yes." *Id.* The judge stated that he would be "inclined to grant" a motion for certification and that "I would be vacating the trial if I'm granting that." *Id.* Shortly after the call ended, the State filed a combined motion for certification and motion to "continue" the jury trial. Appellant's App. Vol. III pp. 103-04. The State did not explicitly request a "stay," as it said it would, but it asserted, "That in order to allow time for the Court of Appeals to review this matter, it is necessary to continue the trial of the Defendant that is currently set for January 24, 25, and 26, 2017." *Id.* at 104.

[5] The judge and the lawyers then got back on the phone. The judge said that he was going to certify the suppression order for interlocutory appeal and

"continue" the jury trial. Supp. Tr. p. 11. Defense counsel objected to the continuance of the trial as follows:

> And for my purposes, Your Honor, I need to show my objection to the continuance. We object to any continuance. We're prepared and ready for trial. We believe the State should be, as well, and so any – we would object to the continuance. And then I will file a Rule 4 issue after this.

*Id.* The judge overruled the objection, explaining, "Well, I don't know how to certify this issue for interlocutory appeal and still have a trial, but I sort of think that if I've got to do the one, I have to do the other. They seem to go hand in hand." *Id.* The judge added, "If I'm going to grant the interlocutory appeal, the trial has to be continued, and so I have to grant the State's motion for that." *Id.* at 12. The State did not expressly request a "stay," nor did the court expressly state that it was imposing a "stay," but at no point did defense counsel object on either ground to vacating the trial date. After the conference, the trial court issued a written order that provided, in pertinent part, "The Court . . . now grants the State's motion, Orders the issues certified for interlocutory appeal, and vac[a]tes the trial setting previously set for January 24, 2017." Appellant's App. Vol. III p. 123.

[6] The State then had thirty days to ask this Court to accept the appeal. During that period, Battering made multiple filings in the trial court. He filed a Motion to Exclude Certain Discovery at Trial on January 26 and a Motion to Reduce Bond on February 6. Then, on February 15, he filed a Motion to Set Jury Trial.

The same day, the State filed its motion for interlocutory appeal with this Court, which we granted on March 17.

[7] On June 1, while the appeal was still pending in this Court, the trial court held a hearing to address Battering's motions. As soon as the hearing began, though, Battering raised a new issue: he asserted that he was entitled to be discharged pursuant to Rule 4(C). Citing *Pelley*, where our Supreme Court explained that "the time for an interlocutory appeal is excluded from Rule 4(C)'s limitation only when the trial court proceedings have been stayed," 901 N.E.2d at 500, Battering argued that the State had not requested a stay of the trial-court proceedings pending the interlocutory appeal and that as a result the 4(C) clock had continued to run and had expired. In the alternative, Battering asked that he "get a trial as soon as possible," Tr. p. 13, without waiting for this Court to decide the interlocutory appeal. The trial court and the State, on the other hand, agreed that no trial should take place before the conclusion of the interlocutory appeal. The court wondered whether it even had "jurisdiction to do the entire case" with an interlocutory appeal pending, *id.* at 18, and then asked, "[W]hy would we go forward with the trial on all of the issues if it's up on interlocutory appeal before the decision on interlocutory appeal?", *id.* at 20. The State maintained that the interlocutory appeal "needs to be determined before the trial begins," *id.* at 23, and asserted that holding a trial before getting a ruling in the appeal "vitiates the whole basis for doing the appeal to begin with," *id.* at 22. Based on Battering's guess that the interlocutory appeal would be decided by late September or early October of 2017, the trial court scheduled

trial for October 9-12. However, the court also directed the parties to brief the Rule 4(C) issue in the meantime. At the end of the hearing, the prosecutor added that "since [Battering's] so adamant about wanting a piece of paper saying things are stayed," the State would be filing a motion to stay. *Id.* at 37.

[8] The State had not filed that motion as of June 7, when Battering filed his written motion for discharge pursuant to Rule 4(C). Again, Battering argued that the trial-court proceedings had not been stayed pending the State's interlocutory appeal and that the delay caused by the appeal is therefore attributable to the State under *Pelley*. The next week, on June 13, the State filed a motion to stay. The trial court granted that motion on June 15.

[9] The State then filed its response to Battering's motion for discharge. It argued that even though it did not formally request a "stay" until two weeks earlier, it had effectively sought a stay when it asked the trial court to certify its suppression order and to "continue" the trial date:

> [A]lthough the State never filed any "Motion to Stay," it has done the functional equivalent. What a motion actually means is not how a party identifies the pleading in the title, but on the effect the pleading will have on the proceedings. Although not titled as a motion to stay, the motions filed herein by the State were designed to achieve the same result. The motions filed by the State in this case had the effect of stopping of action until the Court of Appeals could rule.
>
> The motion to certify the order for interlocutory appeal filed in the trial court was also a motion to continue the jury trial. It was captioned as such. Additionally, it specifically stated, "That in

order to allow time for the Court of Appeals to review this matter, it is necessary to continue the trial of the Defendant that is currently scheduled for January 24, 25, and 26, 2017." Also, the motion expressly requested that the jury trial "be continued pending the resolution of the Interlocutory Appeal . . . ." To find that this was not a request for a stay would be to elevate form over substance. Though the "magic word" stay was not used, the motion unambiguously requests that trial be delayed until after resolution of the interlocutory appeal. That is effectively the equivalent of a request for a stay. Furthermore, the trial court's order certifying the order for appeal simply stated that it granted the motion to certify and motion to continue trial; it did not place any caveats on that or alter or limit the wording of the request in any way. The court then vacated the current trial dates, which is entirely consistent with the State's request and the grant of a stay pending resolution of the appeal. Therefore, the trial court effectively granted a stay and recognized that the trial cannot be held before resolution of the interlocutory appeal.

Appellant's App. Vol. IV pp. 111-12.

[10] The trial court had not ruled yet on Battering's motion for discharge when, on September 18, 2017, this Court issued an opinion affirming the trial court's suppression order. *State v. Battering*, 85 N.E.3d 605 (Ind. Ct. App. 2017), *reh'g denied*. The State filed a petition for rehearing, which we denied on November 30. In late December, before our opinion had been certified, the parties filed competing motions in the trial court: on December 19, Battering filed a motion to lift the stay and for discharge under Rule 4(C), renewing his claim that the State had failed to bring him to trial "within the Rule 4 period," Appellant's App. Vol. IV p. 154, and on December 27, the State filed a Motion to Set for

Jury Trial. Our opinion was certified on January 24, 2018. The trial court then lifted the stay and set a hearing date of April 17 on the 4(C) issue.

[11] At the April 17 hearing, Battering reiterated his argument that the State did not request a stay when it pursued the interlocutory appeal and that therefore the Rule 4(C) clock had continued running and expired. In response, the State again argued that its January 2017 request to "continue" the trial date pending the interlocutory appeal was in effect a motion to stay because no trial was going to be held until the appeal was complete. The State explained that the only reason it formally filed the motion to stay in June 2017 was that Battering "kept harping on it[.]" Tr. p. 67. The trial court denied Battering's motion for discharge and scheduled trial for August 29-30, 2018.

[12] In July 2018, Battering again moved for discharge under Rule 4(C). The trial court denied the motion, explaining that the delay caused by the interlocutory appeal should not be counted against the State because "the trial court lost jurisdiction during that interlocutory appeal[.]" Appellant's App. Vol. IV p. 194. However, the court vacated the trial date, certified its order for interlocutory appeal, and stayed the proceedings, and we accepted jurisdiction. Trial is currently scheduled to begin on January 7, 2020.

# Discussion and Decision

[13] Battering contends that the trial court erred by denying his motion for discharge under Criminal Rule 4(C). The relevant facts are undisputed, so we review the issue de novo. *See Austin v. State*, 997 N.E.2d 1027, 1039 (Ind. 2013).

[14] As noted above, Rule 4(C) provides, in pertinent part, "No person shall be held on recognizance or otherwise to answer a criminal charge for a period in aggregate embracing more than one year from the date the criminal charge against such defendant is filed, or from the date of his arrest on such charge, whichever is later[.]" Battering was arrested on December 3, 2015, and charged the next day, so this case has been pending for almost four years—more than 1,300 days—much longer than the one year contemplated by the rule. But not all delays count against the one-year period, and this appeal concerns only 146 days: the time that passed between the trial court's January 20, 2017 order certifying its suppression order for interlocutory appeal and the court's June 15, 2017 order granting the State's Motion to Stay pending the appeal. The parties agree that if those days count against the State, the 4(C) period has run and Battering is entitled to discharge. Battering asserts that there was no stay in place during these 146 days, as required by our Supreme Court's decision in *Pelley*, and that those days should therefore count against the State. The State argues that there was a stay in place all along, that its Motion to Stay and the

trial court's order granting it were just formalities, and that the 146 days should not count against it.[1]

[15] In *Pelley*, the defendant was charged with murdering four members of his family. The State sent a subpoena to a third party that had provided counseling to the Pelley family before the murders, and the third party moved to quash it. The trial court granted that motion but certified its order for interlocutory appeal. This Court accepted jurisdiction and ordered a stay of the trial-court proceedings. Ultimately, our Supreme Court reversed the trial court in part. *See State v. Pelley*, 828 N.E.2d 915 (Ind. 2005). The case was remanded to the trial court, and the defendant later filed a motion for discharge under Rule 4(C). He argued, among other things, that the delay caused by the interlocutory appeal was chargeable to the State. The trial court denied the defendant's

---

[1] Arguably, Battering's claim under *Pelley* is not even properly before us. After the trial court denied that claim at the hearing on April 17, 2018, Battering asked the court to certify the issue for interlocutory appeal. The court denied that motion for certification on May 31, 2018. Then, on June 27, 2018, our Supreme Court issued its decision in *State v. Larkin*, 100 N.E.3d 700 (Ind. 2018), *reh'g denied*. There, the defendant had pursued an interlocutory appeal, and the Court held that the delay caused by that appeal was chargeable to the defendant for purposes of Rule 4(C). *Id.* at 705. Battering's July 2018 motion for discharge—the one that led to this appeal—was based on *Larkin*. Specifically, Battering argued that *Larkin* stands for the proposition that "delay caused by a discretionary interlocutory appeal [is] chargeable to the party who pursued the interlocutory appeal," regardless of whether the trial-court proceedings are stayed during the appeal. Appellant's App. Vol. IV pp. 185-86. In other words, Battering took the position that *Larkin* overruled *Pelley* with regard to interlocutory appeals pursued by the State. The trial court rejected that argument and denied Battering's motion for discharge. Battering then moved to have that order certified for interlocutory appeal, asserting that "[t]his matter involves a substantial question of pure law, i.e., does *Larkin*'s holding apply to interlocutory appeals pursued by the State." *Id.* at 191. At the hearing on the motion, Battering argued that certification was appropriate because *Larkin* represented "a sea change in the law" and that whether *Larkin* applies in this case is a "profound issue[.]" Tr. pp. 105, 106. In his briefs to this Court, however, Battering has abandoned his claim under *Larkin* and returned to his claim under *Pelley*—the claim on which the trial court denied certification back in May 2018. That is, the issue the trial court certified for interlocutory appeal is not the issue Battering addresses in his briefs. We might be able to dispose of Battering's appeal on that ground alone, *see Curtis v. State*, 948 N.E.2d 1143, 1147-48 (Ind. 2011), but the State has not asked us to do that, so we proceed to the merits of Battering's claim under *Pelley*.

motion. Our Supreme Court affirmed, emphasizing the fact that the trial-court proceedings had been stayed pending the interlocutory appeal:

> When trial court proceedings have been stayed pending resolution of the State's interlocutory appeal, the trial court loses jurisdiction to try the defendant and has no ability to speed the appellate process. As a practical matter, applying the Criminal Rule 4(C) one-year requirement to interlocutory appeals would render an appeal by the State impossible because it would in all likelihood trigger a mandatory discharge of the defendant. Accordingly, we conclude that Rule 4(C)'s one-year limitation does not include the time during which trial proceedings have been stayed pending interlocutory appeal.

901 N.E.2d at 499-500. The Court then reiterated that "the time for an interlocutory appeal is excluded from Rule 4(C)'s limitation only when trial court proceedings have been stayed." *Id.* at 500.[2]

[16] We agree with the State that the trial court stayed the trial-court proceedings, for purposes of *Pelley*, as of January 20. That day, when the State indicated its intent to request certification of the suppression order for interlocutory appeal, it also said that it would "ask to stay the proceedings and to continue the jury trial" that was set to begin in a few days (January 24). The judge stated that he

---

[2] Because there was a stay in place in *Pelley*, the Court was not actually faced with the issue of whether a stay is **required** in order to toll the 4(C) clock. As the Court noted, "The only question is whether Rule 4(C) excludes the time for the State's interlocutory appeal from its one-year limitation." *Pelley*, 901 N.E.2d at 498. Moreover, the two cases the *Pelley* Court relied on in answering that 4(C) question—*Martin v. State*, 245 Ind. 224, 194 N.E.2d 721 (1963), and *State ex rel. Cox v. Superior Court of Madison County, Div. III*, 445 N.E.2d 1367 (Ind. 1983)—made no mention at all of there being a stay in the trial court. In any event, we conclude below that the trial court did impose a stay when it authorized the first interlocutory appeal in this case.

would be "inclined to grant" a motion for certification and that "I would be vacating the trial if I'm granting that." The State then filed a combined motion for certification and motion to "continue" the jury trial, asserting that a continuance was "necessary" "in order to allow time for the Court of Appeals to review this matter[.]" Back on the record, the judge said that he was going to certify the suppression order and "continue" the jury trial, explaining, "I don't know how to certify this issue for interlocutory appeal and still have a trial, but I sort of think that if I've got to do the one, I have to do the other. They seem to go hand in hand." The judge went on, "If I'm going to grant the interlocutory appeal, the trial has to be continued, and so I have to grant the State's motion for that." By the end of the hearing on January 20, one thing was absolutely clear to everyone involved: no trial would be taking place until the State's interlocutory appeal was complete. *Cf. State v. Larkin*, 100 N.E.3d 700, 705 (Ind. 2018) ("[I]nterlocutory appeals toll the 4(C) period despite who filed because the case cannot practically move forward[.]"), *reh'g denied*. Notably, when the trial court made that clear, Battering did not object on the ground that the State had not requested a stay or on the ground that the court had not imposed a stay. And while the State and the trial court used the word "continue" instead of the word "stay," the trial was not merely pushed back (i.e., "continued") to a different date. It was put off for as long as the appeal would take. That is a stay, regardless of the label used. *See* Black's Law Dictionary 1639 (10th ed. 2014) (defining "stay" as "1. The postponement or

halting of a proceeding, judgment, or the like. 2. An order to suspend all or part of a judicial proceeding or a judgment resulting from that proceeding.").[3]

[17]     Battering also argues that there could not have been a stay in place between January 20 and June 15 because there was activity in the trial court during that period. But the only substantive actions the trial court took during that period were holding a hearing on three motions **Battering filed** after January 20—the January 26 Motion to Exclude Certain Discovery at Trial, the February 6 Motion to Reduce Bond, and the February 15 Motion to Set Jury Trial—and ruling on those motions in part. Having filed those motions, Battering should not now be heard to complain about the fact that the trial court took action on them. Moreover, in a recent 4(C) case, our Supreme Court rejected the assertion that trial-court action during an interlocutory appeal amounted to a "constructive lift" of a stay. *Larkin*, 100 N.E.3d at 704.[4, 5]

---

[3] In his reply brief, Battering cites Indiana Appellate Rule 14(H), which provides, in part, "An interlocutory appeal shall not stay proceedings in the trial court unless the trial court or a judge of the Court of Appeals so orders." Because we hold that the trial court did order a stay in this case, this provision does not help Battering's cause.

[4] In light of *Larkin*, it seems to us that *Pelley* should not be read to require an unqualified stay in the sense that all proceedings in the trial court must come to a complete halt. If getting to trial quickly is a priority for a defendant—and the filing of a 4(C) motion certainly suggests that it is—then the defendant would benefit from the trial court being able to deal with other pretrial matters while the interlocutory appeal is pending. Otherwise, any such matters will have to be dealt with after the interlocutory appeal is complete, thereby further delaying the trial. Notably, in the context of appeals from final judgments, our courts have recognized that trial courts retain jurisdiction to perform certain tasks. *See, e.g., Jernigan v. State*, 894 N.E.2d 1044, 1046 (Ind. Ct. App. 2008).

[5] In addition to his argument about the trial-court activity between January 20 and June 15, Battering notes that the State filed a Motion for Discovery on June 27, 2017, twelve days after the trial court granted the State's Motion to Stay. However, he does not dispute that there was a stay in place after June 15. To the contrary, he specifically acknowledges that the 224-day period between June 15, 2017, and January 24, 2018

[18] Finally, Battering suggests that the State's filing of a Motion to Stay on June 13 (and the trial court's grant of that motion two days later) proves that there was no stay in place before then. At the end of the June 1, 2017 hearing, the State noted that it would be filing a formal motion to stay only because Battering was "so adamant about wanting a piece of paper saying things are stayed[.]" Then, at the hearing on April 17, 2018, the State reiterated that the only reason it filed the Motion to Stay was that Battering "kept harping on it[.]" For all the reasons discussed above, and having closely reviewed the entire record, we are persuaded by the State's characterization of its motion as a mere formality.

[19] The trial court correctly ruled that the delay between January 20 and June 15, 2017, is not chargeable to the State.[6]

[20] Affirmed.

Altice, J., concurs.

Baker, J., dissents with separate opinion.

---

(when our opinion in the first appeal was certified) "is excluded from the Rule 4(C) period." Appellant's Br. p. 20.

[6] In his opening brief on appeal, Battering also suggests that, regardless of the time that passed **during** the original interlocutory appeal, the 4(C) period has expired in light of time that has passed **since** that appeal, specifically, the seven months between the certification of our opinion (January 24, 2018) and the trial date that was then set (August 29, 2018). In response, the State notes that Battering's motion for discharge, the trial court's order denying the motion, Battering's request for certification, and the trial court's certification order all focused on time that passed during the original interlocutory appeal, without discussing any time that has passed since that appeal. The State maintains that Battering is therefore barred from raising the latter issue in this appeal. In his reply brief, Battering abandons the claim.

| | |
|---|---|
| Brandon Battering,<br>*Appellant-Defendant,*<br><br>v.<br><br>State of Indiana,<br>*Appellee-Plaintiff* | Court of Appeals Case No.<br>18A-CR-2309 |

**Baker, Judge, dissenting.**

[21] While I understand the emotional appeal of the result reached by the majority, and I wholeheartedly agree that its analysis is where our system should be, I do not believe that it is where we are, based on our Supreme Court's precedent, the Rules of Appellate Procedure, and the record in this case. Therefore, I respectfully dissent.

[22] As noted by the majority, in *Pelley v. State*, our Supreme Court found as follows:

> . . . *When trial court proceedings have been stayed pending resolution of the State's interlocutory appeal*, the trial court loses jurisdiction to try the defendant and has no ability to speed the appellate process. As a practical matter, applying the Criminal Rule 4(C)

> one-year requirement to interlocutory appeals would render an appeal by the State impossible because it would in all likelihood trigger a mandatory discharge of the defendant. Accordingly, we conclude that Rule 4(C)'s one-year limitation does not include the time *during which trial proceedings have been stayed* pending interlocutory appeal.
>
> We note that the time for an interlocutory appeal is excluded from Rule 4(C)'s limitation *only when the trial court proceedings have been stayed*. . . .

901 N.E.2d 494, 499-500 (Ind. 2009) (emphases added). Recently, our Supreme Court reached the same conclusion, finding that when the trial court proceedings were stayed after the defendant filed a motion for interlocutory appeal, the 4(C) period was tolled. *State v. Larkin*, 100 N.E.3d 700, 705-06 (Ind. 2018) (holding that where proceedings have been stayed, "interlocutory appeals toll the 4(C) period despite who filed because the case cannot practically move forward"). A stay of proceedings is not automatic upon the filing or acceptance of an interlocutory appeal. *See* Ind. Appellate Rule 14(H) ("[a]n interlocutory appeal *shall not stay* proceedings in the trial court *unless* the trial court or a judge of the Court of Appeals so orders") (emphases added).

[23] The State concedes—as it must—that (1) *Pelley's* holding means that the Rule 4(C) period is tolled during an interlocutory appeal only when the trial court proceedings have been stayed; and (2) a stay is not automatic pursuant to Appellate Rule 14(H). Appellee's Br. p. 23. The State's position is that we should not focus on form over substance, insisting that the fact that the

"talismanic" word "stay" was not invoked does not mean that a stay was not, in effect, in place. *Id.*

[24] In the State's January 20, 2017, motion to certify the suppression order for interlocutory appeal, it asked that the looming trial date be "continued," rather than stayed. Appellant's App. Vol. III p. 103-04. And in its order granting the State's motion, the trial court vacated the trial date but did not stay the proceedings. *Id.* at 107. When the State filed a motion asking this Court to accept jurisdiction of the interlocutory appeal, it did not ask that a stay be ordered; nor, in accepting jurisdiction on March 17, 2017, did this Court issue a stay. *Id.* at 154-58, 164-65. This course of events, in and of itself, would not lead us to conclude, necessarily, that no stay was issued. If it was merely an issue of semantics, it would elevate form over substance to conclude that word choice dictated the outcome here.[7]

[25] But the parties' and the trial court's course of action following these orders indicates that, in fact, they did not believe that the proceedings had been stayed. On February 22, 2017, the trial court scheduled a hearing on Battering's motion to exclude certain discovery at trial; the State did not object to the hearing. Subsequently, Battering filed a motion to re-set the jury trial. On June 1, 2017, the trial court held a hearing on all pending motions. At that hearing, Battering

---

[7] I do, however, tend to agree with Battering that "[a] motion to continue has the *opposite* effect of a motion to stay. A motion to continue requests that proceedings *continue* but be set for another day. A motion to stay, on the other hand, seeks to *stop* proceedings." Reply Br. p. 5 (emphases original).

orally moved for discharge pursuant to Rule 4(C). The State engaged in legal argument at this hearing but did not object on the basis that the proceedings had been stayed. The trial court scheduled another hearing to consider Battering's motion for discharge. Before that hearing occurred, the State filed a motion to stay the proceedings on June 13, 2017; the trial court granted the motion two days later. Just two weeks later, on June 27, 2017, the State filed a motion for discovery, which the trial court granted, until Battering pointed out that, at last, the proceedings had been stayed, at which point the trial court rescinded its order.

[26] It is apparent that neither Battering, nor the State, nor the trial court believed that the proceedings were stayed upon the trial court's certification of the suppression order for interlocutory appeal, given all of the litigation that occurred following that date. And as noted above, neither the trial court's certification of an order for interlocutory appeal nor this Court's acceptance of jurisdiction over that appeal mean that a stay is automatically granted. It must be requested and ordered. And here, neither the words of the relevant orders nor the behavior of the parties or the trial court show that a stay was put in place until June—long past the Rule 4(C) one-year cutoff.[8]

---

[8] Even if it were argued that when this Court accepted jurisdiction of the interlocutory appeal, it necessarily removed jurisdiction from the trial court, the clock would already have run. This Court did not accept jurisdiction until March 17, 2017—almost two months too late.

[27]     Because the proceedings were not stayed until months after the interlocutory appeal was filed and accepted, the tolling rule announced in *Pelley* and followed in *Larkin* does not apply. It necessarily follows that the Rule 4(C) clock did not stop ticking. Consequently, I believe that the trial court should have granted Battering's motion for discharge. Therefore, I respectfully dissent.